McCardle v. McGinley.

No. 9634.

McCardle v. McGinley.

MALICIOUS PROSECUTION.—*Measure of Damages.*—For unsuccessfully prosecuting any civil suit maliciously and without probable cause, an action lies for whatever damages have accrued beyond the taxable costs, the measure of damages in such action being such sum as will recompense the plaintiff for his time, trouble, etc., in defending the suit.

SUPREME COURT.—*Transcript.*—Where a defendant appeals, it is his duty to bring up a perfect transcript of the record, and if his answer be omitted, the Supreme Court can not know what were the issues, and, therefore, can not decide the effect of the verdict or answers of the jury to interrogatories, or any question as to the admissibility or sufficiency of evidence, or the giving or refusing of instructions.

From the Ohio Circuit Court.

*W. S. Holman* and *W. S. Holman, Jr.,* for appellant.

*J. B. Coles* and *J. W. Gordon,* for appellee.

MORRIS, C.—The appellee sued the appellant for malicious prosecution. The complaint contains three paragraphs.

The first, in substance, alleges that the appellant maliciously

and without probable cause sued the appellee upon a false and groundless account before a justice of the peace of Ohio county, Indiana. It avers that the action was tried before a jury and a verdict returned in favor of the appellee, upon which judgment was rendered in his favor; thåt the appellant appealed to the Ohio Circuit Court; that said action was tried in said court before a jury, who returned a verdict for the appellee, upon which judgment was rendered in his favor, on the 3d day of July, 1879; that he had been put to great trouble and expense in defending said action, in procuring witnesses, employing counsel, etc.

The second paragraph of the complaint states that on the 6th day of March, 1879, the appellant maliciously and without probable cause brought an action against the appellee before a justice of the peace of said county, on a false and fraudulent claim that she had a right to the immediate possession of certain lands described in her complaint, and sought, in said action, wrongfully to deprive the appellee of said land; that said action was tried before the justice and a jury, and a verdict returned in favor of the appellee, on which judgment was rendered; that appellant appealed said suit to the Ohio Circuit Court; that, on her motion, the venue was changed to the Dearborn Circuit Court; that the action was there tried and a verdict and judgment had for the appellee, on the 22d day of March, 1880. The appellee says he incurred great expense in giving his time in attending the trial of said cause in the courts, procuring witnesses and employing counsel, etc.

In the third paragraph the appellee alleges all the matters set forth in the first and second paragraphs of the complaint, and substantially in the same way.

The appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the appellant excepted.

The record states that the appellant filed her answer, but the answer is not in the record. The clerk states: " The an-

swer was not returned with the papers—not on file." The appellee replied to the answer by a general denial.

The cause was submitted to a jury for trial, who returned a general verdict for the appellee, with answers to interrogatories propounded by each party. The view which we have taken of the case renders it unnecessary to notice them.

The appellant moved for judgment upon the special findings, notwithstanding the general verdict. The court overruled the motion. She then moved for a *venire de novo,* which motion was also overruled. A motion was then filed for a new trial, which was overruled.

The errors assigned are that the court erred in overruling the demurrer to the complaint, and in overruling the motions for judgment on the special findings, for a *venire de novo,* and for a new trial.

The objection to the complaint is thus stated by the appellant: " We insist that the general weight of judicial opinion is that a civil action, being a claim of right, when the party has only been subjected to the service of a summons, and neither his person nor property nor reputation has been touched, impaired or affected, the costs which the law gives to the successful party is the measure of compensation to which he is entitled if wrongfully summoned into court."

It is too clear for discussion that the costs which the law gives a successful party are no adequate compensation for the time, trouble and expense of defending a malicious and groundless civil action. The party sued must devote some time to the defence of the suit; he must look up his evidence and employ counsel. This waste of time and necessary expenditure of money, by its results, affects the property of the defendant. For these expenses the costs recovered in the action are no compensation at all. In some of the States reasonable attorney fees for the successful party are included in the taxable costs. It is not so here. No good and sufficient reason can be given why he who has maliciously and without probable

McCardle *v.* McGinley.

cause instituted a suit against another should not be required to pay the party so sued such sum as will make him entirely whole. And so a majority of the decided cases in this country hold. *Lockenour* v. *Sides,* 57 Ind. 360 (26 Am. R. 58); *Closson* v. *Staples,* 42 Vt. 209 (1 Am. R. 316); *Whipple* v. *Fuller,* 11 Conn. 582; *Marbourg* v. *Smith,* 11 Kan. 554; *Burnap* v. *Albert,* Taney Cir. Ct. Dec. 244; *Cox* v. *Taylor's Adm'r,* 10 B. Mon. 17.

In the case of *Closson* v. *Staples, supra,* the court says: "We are of opinion that where a civil suit is commenced and prosecuted maliciously and without reasonable or probable cause, and is terminated in favor of the defendant, the plaintiff in such suit is liable to the defendant in an action on the case for the damages sustained by him in the defence of that original suit, in excess of the taxable costs obtained by him; and to maintain an action to recover such damages, it is not material whether the malicious suit was commenced by process of attachment or by summons only." To the same effect precisely is the case of *Whipple* v. *Fuller, supra.* In the case of *Marbourg* v. *Smith, supra,* the court says: "We suppose that an action for malicious prosecution can be maintained in any case where a malicious prosecution, without probable cause, has in fact been had and terminated, and the defendant in such prosecution has sustained damage over and above his taxable costs in the case."

We think the court did not err in overruling the demurrer to the complaint.

It is insisted by the appellee, that, as the answer of the appellant to the complaint is not in the record, this court can not know what the issues in the case were, and that, for this reason, this court must indulge the presumption that the court below did not err in its rulings upon the appellant's motion for judgment upon the special findings of the jury, for a *venire de novo,* nor for a new trial.

It was the duty of the appellant to bring up to this court a

McCardle v. McGinley.

record fairly and fully presenting the questions upon which the court is asked to pass. It is obvious, that, in the absence of the answer of the appellant to the complaint, this court can not determine what the issues in the case were. Nor can we determine that the interrogatories answered by the jury were pertinent and relevant to the issues; nor whether the evidence was sufficient to sustain the verdict; for, as we can not determine what the issues were, we can not know what the verdict covered or embraced; nor can we determine the relevancy or irrelevancy of the charges given and refused. As the issues might have been such as to render the charges given proper, and to justify the court in refusing those which it did not give, we must presume that, in these respects, the court did not err.

While it is impossible to determine from the record what the issues in the case were, yet it might, perhaps, be plausibly maintained from what appears in the record, that the issues must have been such as to require proof on the part of the appellee of the material facts alleged in the complaint. But this is not certain, because, for anything that appears, the appellant may have pleaded a release of the damages only. This may not be probable, but still it may have been. The appellant could have made the record complete and certain, by seeing that it contained her answer. It was her duty to do this, and, not having done it, the only question properly presented for decision has been disposed of. The judgment below must be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be in all things affirmed, at the costs of the appellant.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.