No. 404.

EAKEN ET AL. *v.* THOMPSON.

JURY.—*Misconduct of.*—*Reaching Verdict by Casting Lots.*—*Insufficiency of Affidavit.*—*Source of Information not Disclosed.*—When the alleged misconduct of the jury in failing to deliberate upon a verdict, but deciding and finding a verdict " by casting lots " is assigned as a cause for a new trial, the affidavit in support thereof is insufficient which does not show how the affiant obtained information of such alleged misconduct. The closing words of the affidavit, "as the affiant believes," should be applied to the whole affidavit. The affidavit may have been true as the affiant believed, and yet the information have been derived from some of the jurors, whose affidavits could not have been received.

PRACTICE.—*Appeal.*—*Instructions to Jury.*—*Absence of from Record.*—*Bill of Exceptions.*—When it is urged as a ground for a new trial that the court érred in giving oral instructions to the jury after being requested to give all instructions in writing, and it does not appear from the record that any instructions were given by the court to the jury either in writing or orally, the alleged error can not be considered. The only mode of bringing the question to the Appellate Court is by bill of exceptions.

From the Clark Circuit Court.

*S. S. Johnson,* for appellants.

*L. A. Douglass,* for appellee.

ROBINSON, C. J.—This was an action of replevin, commenced by the appellee against the appellant, to recover the possession of a stock of groceries and other personal property which appellee claimed to own and to be lawfully entitled to the possession thereto. Said property was used in the grocery business, and the appellee claimed was sold to him by his brother, George R. Thompson, for the consideration of $1,000, after which sale certain creditors of said George R. Thompson commenced suit against him, said George R. Thompson, for indebtedness from him to them, and at the same time sued out a writ of attachment before a justice of the peace, and placed said writ in the hands of the appellant Paul Miller, constable, etc., who levied said writ on said property as aforesaid, and inven-

toried and appraised the same, whereupon appellee commenced his action in the circuit court in replevin to recover the possession of said goods, and took the same out of the hands of the appellants.

The issues were joined by appellants, Baker and Weber, creditors of said George R. Thompson, filing an answer of general denial, and the appellant Paul Miller, constable, etc., answering specially, among other things, " that whatever title appellee might have in the goods was obtained by collusion and fraud with his brother George, and for the purpose of defrauding the creditors of his brother George." The single question in the case under the evidence as relating to the sale to the appellee was whether George R. Thompson had sold the goods in controversy to his brother, the appellee, with the fraudulent intent to cheat, hinder and delay his creditors.

The cause was tried by a jury, with verdict for the appellee. Motion for a new trial was overruled, and exception was taken. Judgment was rendered on the verdict.

The only error assigned is the alleged error of the court in overruling the motion for a new trial.

It is first insisted, under the causes assigned in the motion for a new trial, that the verdict of the jury was contrary to law, and was not sustained by sufficient evidence. The evidence is in the record. No good purpose can be subserved in setting it out. The question involved was whether the goods in controversy were sold to the appellee by George R. Thompson to defraud his creditors. Under our statute fraud is a question of fact for the court or jury trying the cause. The evidence was somewhat conflicting. It is not our duty to weigh the evidence and determine the preponderance.

The evidence, however, upon a careful examination does appear to tend to sustain the finding.

This being so, as has been frequently held, the finding

of the trial court will not be disturbed on appeal upon the weight of the evidence.

The third cause for a new trial was the alleged misconduct of the jury in failing to deliberate upon a verdict, but deciding and finding a verdict " by casting lots." In support of this cause in the motion for a new trial and to set aside the verdict, the appellants filed the affidavit of George E. Cole, which, omitting the caption, signature, etc., is as follows, to wit:

" George E. Cole being duly sworn, on his oath, says, that said cause was tried and verdict rendered on the last day of the January term of this court; that after the jury in the cause had received the instructions of the court, and had retired to their own room to consider of their verdict, said jury agreed among themselves to decide said cause by taking a vote for plaintiff or defendant, and that the verdict should be rendered in favor of the one having the majority of the votes, without deliberation or discussion of said cause or its merits, and that said jury, in pursuance of said agreement, did then and there vote, and upon said vote did then and there decide said cause, without any deliberation or discussion of said cause or its merits among themselves—but such decision was made solely in pursuance to said agreement as he verily believes."

The question presented by this affidavit is much the same as that presented in the affidavit, having the same purpose in view, in the case of *Stanley* v. *Sutherland*, 54 Ind. 339. As said in that case, " the closing words of the affidavit," as the affiant believes, " may and should be applied to the whole affidavit."

The affiant does not state how he obtained information of the alleged misconduct of the jury.

It is not to be supposed that he was in the jury room, and it would probably do him injustice to suppose that he was furtively hovering around outside listening to the deliberations of the jury. If the information came to him

from the bailiff in attendance on the jury, it seems to us the affidavit of the bailiff ought to have been filed. If it came to him from some of the jurymen, it could not be received, for it has long been settled in this State that the affidavit of jurors can not be received to impeach their verdict, much less could their statements be received at second hand.

The affidavit may have been true as the affiant believed, and yet the information may have been derived from some of the jurors, whose affidavits could not have been received.

The quotation we have made from *Stanley* v. *Sutherland, supra,* is directly in point in this case, and without determining what would be the effect of the alleged misconduct of the jury in this case if legally established, we are of the opinion that the affidavit was insufficient to set aside the verdict, and that the court did not err in overruling the motion on the affidavit.

The fourth and last cause for a new trial is, that the court erred in giving oral instructions to the jury after being requested to give all instructions in writing.

No question is before this court for consideration under this cause in the motion for a new trial, for the reason that it does not appear from the record that any instructions were given by the court to the jury either in writing or orally. The only mode of bringing the question to this court sought to be raised by this cause in the motion for a new trial is by bill of exception. None was filed; in fact it does not appear from the record that any exception was taken.

Judgment affirmed with costs.

Filed April 14, 1892.