Reid *v.* Reid *et al.*

---

REID *v.* REID ET AL.

[No. 18,170. Filed January 12, 1898.]

APPEAL.—*Record.*—*Pleadings.*—The pleadings constitute the foundation of a cause of action and must be made a part of the record on appeal in order that the Supreme Court may be able to determine who the parties were to the suit, and to what extent their interests were affected by allegations or admissions therein.

From the Lawrence Circuit Court. *Affirmed.*

*J. E. Henley* and *J. B. Wilson,* for appellant.
*James H. Willard,* for appellees.

HACKNEY, J.—The transcript contains an assignment of eight specifications of error. The record, however, omits all of the pleadings in the cause, although they were quite numerous, and included complaint, amended complaint, answers and amended answers, cross-complaint, and answers and amended answers thereto, and replies.

With this omission, and the failure of the record otherwise to disclose the same, we are unable to determine who were parties to the suit, and to what extent their interests were affected by allegation or admission. The essential basis of a cause, the pleadings, not being before us, we are supplied with no ground upon which to consider the assignment of error. We cannot know the character of the suit, the parties interested, or the correctness of the conclusions reached without the pleadings, the foundation upon which the proceedings were constructed, the point of view from which every step must be scrutinized. It is no more possible for this court to consider the action of the trial court without the pleadings in a cause than for the trial court to gather the scope of the issues between the parties, determine the relevancy of the evidence, and, by judgment, adjust the rights of the parties, without pleadings.

The pleadings constitute the foundation upon which the superstructure of the cause must rest, and without them there can no more be a cause than there can be a building of brick and stone without foundation.

Appellant attempts to assail the action of the lower court in setting aside a judgment of partition and finally adjudging that he take nothing by his complaint. This action of the court was sought upon the petition filed in the original cause, before the disposition of the property, upon a finding of its inadvisability, and, while objecting to the action of the court for

Evansville, etc., R. R. Co. *v.* The State, *ex rel.* Town of Ft. Branch.

want of notice, the appellant entered his full appearance to the petition. The findings of the court, upon the petition, disclose that in proceedings, after judgment of partition, the property was sold by the administrator of the estate from which appellant claimed to inherit the interest he sought to have set off, that later the purchaser from the administrator had his title quieted, and that appellant was a party to and precluded by each of said proceedings. We do not recite these facts as the basis of a decision, but as suggesting the lack of merit in the appeal.

The record presenting no question for decision, the judgment is affirmed.