Geisen v. Reder.

## GEISEN v. REDER.

[No. 18,502. Filed Oct. 14, 1898. Rehearing denied Nov. 29, 1898.]

AGREED CASE. — *Submission.* — *Sufficiency.* — Oral statements made to the court by the attorneys agreeing to submit for construction an agreement entered into by the parties to a former suit in settlement thereof, together with a document signed by one of such parties agreeing to such submission, indicate a purpose to submit the controversy as an agreed case, but do not constitute an agreed case within the meaning of the statute. *pp. 529-531.*

SAME.—*Affidavit.*—*Practice.*—The affidavit provided for in the submission of an agreed case by section 553, Horner's R. S. 1897, is jurisdictional, and without such affidavit no case is presented. *p. 531.*

APPEAL AND ERROR.— *Agreed Case.*— *Exceptions.* — *Practice.* — In order to present any question as to the conclusions of law made in an agreed case, proper exceptions must be made to such conclusions. *p. 531.*

AGREED CASE.—*Admissibility of Evidence.*—Questions relating to the admissibility of evidence cannot be presented on appeal in a cause appealed as an agreed case without any pleadings defining the issues and determining the limits within which the evidence should be confined. *p. 531.*

From the Porter Circuit Court. *Affirmed.*

*J. Kopelke,* for appellant.

HACKNEY, C. J.—The record in this case brings up no pleadings, although it is certified as containing "true and complete copies of all the papers and entries in said cause." The bill of exceptions contains the following, by an attorney for the plaintiff: "This case, your honor, started out at first as an action for the dissolution of a partnership and an accounting, and for a receiver to make sale of the firm's property. During the pendency of the action the matters in

controversy between the parties have been settled by written agreements, and the interest of Mr. Geisen is sold to Mr. Reder; and, after these agreements or settlements had been made, a question arose upon one of them; and, in order to save a new action, we agreed that just in the pending case, as it stands, the matter in controversy as to the effect of this stipulation or settlement or sale between the parties should be determined by the court." Immediately an attorney for the defendant said: "I suppose it is agreed by the parties to this action that the statements above made by plaintiff's counsel are the facts in the case, and that they shall stand as the statement of facts." Continuing the bill recites that "it was so agreed and admitted by both parties in open court that the statements above made shall be the facts in the case." Thereupon two documents are shown to have been read in evidence, the second of which contained the statement, signed by one of the parties only, that "the dispute concerning the meaning of the first contract * * * shall be submitted to, and decided by the court in the pending case." Additional evidence upon disputed questions was heard and certified in the bill.

These statements indicate a purpose to submit the controversy as an agreed case, but they are far from sufficient to constitute an agreed case, as the same is provided for by the code. Section 553, Horner's R. S. 1897. The provision is that "parties shall have the right in all cases, either with or without process, by agreement to that effect, to submit any matter of controversy between them to any court that would otherwise have jurisdiction of such cause, upon an agreed statement of facts, to be made out and signed by the parties; but it must appear by affidavit that the controversy is real and the proceedings in good faith, to

determine the rights of the parties; whereupon the court shall proceed to try the same, and render judgment as in other cases." The affidavit referred to in this provision is jurisdictional, and without it no case would be presented. *City of Shelbyville* v. *Phillips,* 149 Ind. 552; Thornton's Annotated Code, section 553, and note; 1 Ency. Pl. & Pr., p. 388. The practice requires also an exception to the court's conclusion or decision. *City of Shelbyville* v. *Phillips, supra.* There having been no affidavit, no agreed statement of facts signed by the parties, and no exception to the decision, essential elements of an agreed case are lacking.

The principal questions urged for decision relate to the admissibility of evidence. Such questions do not arise upon an agreed case, the primary feature of which is to invite a decision upon facts not controverted, but fully agreed upon and presented as the basis for a conclusion of law. The questions urged were sought to be saved by a motion for a new trial, a method relating to trials upon issues formed and presented by evidence, rather than abstract statements of facts. The action of the trial court in admitting evidence and granting exceptions to its admissibilty seemed to proceed upon the theory of a controverted rather than an agreed case. Such action, however, presents no question for review without the pleadings which define the issues and determine the limits within which the evidence must be confined. *Reid* v. *Reid,* 149 Ind. 274; *Marsh* v. *Bower, ante,* 356. The case does not, therefore, present by proper procedure any question for decision. The burden rested upon the appellant to bring to this court a record disclosing error, and, having failed to do so, we must presume in favor of the court's action.

If the record is correct in disclosing no pleadings,

the appellant, as plaintiff below, presented no cause for relief, and the court's action in denying him relief, although by the irregular method of a trial, reached the proper result. By either of the only two possible methods of presenting the questions below the appellant should fail. The judgment is affirmed.

## On Petition for Rehearing.

HACKNEY, C. J.—The learned counsel for the appellant supports the petition for a rehearing with bitter criticism of a procedure which does not enable litigants to define their own issues and have them passed upon by the courts, or which enables the courts to avoid passing upon the merits of a case by resorting to technicalities.

It is, we think, fortunate that a code has been formulated and adopted as a guide to the administration of justice, since, if every lawyer were permitted to arbitrarily determine for himself the forms and methods of procedure, we would have, instead of an orderly system of procedure, a chaotic entanglement which would hide and disguise every scientific principle in pleading and practice. We would not profit even by that once popular treatise, "Every man his own lawyer." No, we would not abolish the code if we could, but since we cannot, we feel an obligation to enforce its provisions which limit appeals to those controversies which assume the form of a case at law or a suit in equity. There is but one instance in which a case or suit is recognized without pleadings, and that is where the parties submit their differences upon an agreement in writing properly signed and constituting an "agreed case." So far as the present appeal informs us, this is not a case or suit resting upon pleadings or upon the required agreement. It bears no more resemblance to the cases

where an appeal is authorized than if the lawyers had submitted their views to a friendly neighbor from whose decision a transcript had been certified to this court.

We do not hesitate to hold that a sufficient record on appeal must disclose a decision in a cause pending, and that no cause can find lodgment in the courts of this State without pleadings or the statutory agreement.

Other authorities supporting the original opinion are *Heizer* v. *Kelly,* 73 Ind. 582; *Riley* v. *State,* 149 Ind. 48; *Davis* v. *Talbot,* 149 Ind. 80; *Davis* v. *Union Trust Co.,* 150 Ind. 46; *Hutchings* v. *Hay,* 132 Ind. 369; *Seager* v. *Aughe,* 97 Ind. 285; *Sumner* v. *Goings,* 74 Ind. 293; *Chicago, etc., R. W. Co.* v. *Rader,* 10 Ind. App. 607; *Todd* v. *Winants,* 36 Cal. 129; *Olsen* v. *Crescio,* 10 Ill. App. 541; *Road District, etc.,* v. *Miller,* 156 Ill. 221, 40 N. E. 447; *Collins* v. *United States Ex. Co.,* 27 Ind. 11; *Bonsell* v. *Bonsell,* 41 Ind. 476; *Galley* v. *Knapp,* 14 Neb. 262; *McCardle* v. *McGinley,* 86 Ind. 538; Elliott App. Pro., section 198. In the last citation it will be found that "The pleadings must, in general, be regarded as part of the record embraced in an appeal, since, in their absence, it would not be possible to ascertain what was in controversy." The statute relating to appeals, section 662, Burns' R. S. 1894, provides that "All proper entries made by the clerk, and all papers pertaining to a cause, and filed therein, * * * are to be deemed parts of the record." Another provision, section 652, Burns' R. S. 1894, permits less than a complete record and to include only "so much thereof as is embraced in the appeal." This, however, cannot be held to support a record omitting steps essential to the existence of a cause or proceeding, and from which a rational view of the alleged error may be had. It is a common rule of

practice which permits the appellee to answer that an alleged error is harmless if the appellant has no cause of action. *Carmel, etc., Co.* v. *Small*, 150 Ind. 427. This privilege would be defeated if the appellant might omit the complaint from the record. The petition is overruled.