Marsh, Trustee, *et al. v.* Bower.

## MARSH, TRUSTEE, ET AL. *v.* BOWER.

[No. 18,479.    Filed October 26, 1898.]

APPEAL.—*Imperfect Record.*—Where a record shows the filing of at least two amended complaints upon which various rulings were made, and what purports to be two amended complaints are copied in the record, but the one upon which the trial was had is not identified, no question is presented for decision on appeal. *pp. 356, 357.*

SAME.—*Imperfect Record.—Presumption.*—Where a complaint copied in the record is not identified as the one upon which the trial was had, the imperfection of the record is not cured by any presumption arising from the presence in the record of the unidentified complaint. *p. 357.*

From the Floyd Circuit Court.    *Affirmed.*

*J. G. Howard, W. H. Watson, Alexander Dowling* and *M. Z. Stannard,* for appellants.

*George H. Voigt,* for appellee.

HACKNEY, C. J.—This case originated in the Clark Circuit Court and went on change of venue to the lower court. The transcript on change of venue, being the first paper copied into the transcript before us, recited the filing, upon at least two occasions, of amended complaints, without setting forth such com-

plaints. It appeared also that various rulings were made with reference to such amended complaints upon demurrers and motions to make more specific. Accompanying the transcript were, among other pleadings, two documents purporting to be amended complaints neither of which bears file mark or other means of ascertaining the order or time of its filing, nor is there other identification of the complaint upon which the trial was had, in the transcript brought to this court. The point is urged by the appellee, and is not answered for the appellants, that no question is presented for decision because of the imperfection in the record in failing to disclose the complaint upon which the proceedings and judgment were had. Not only have we inextricable confusion from the presence of the two amended complaints, which differ in essential respects, but, if either of such complaints were absent the record would, in our opinion, present no question for decision.

There is abundant authority for the proposition that upon the appellant rests the duty of presenting a record disclosing manifest error. Elliott's App. Proc. section 186. It is well settled, also, that, in the absence of the complaint, no question is presented for decision. *Collins* v. *United States Express Co.*, 27 Ind. 11; *McCardle* v. *McGinley*, 86 Ind. 538, 44 Am. Rep. 343; *Fellenzer* v. *VanValzah*, 95 Ind. 128; *Reid* v. *Reid*, 149 Ind. 274; *Evansville, etc., R. W. Co.* v. *Lavender*, 7 Ind. App. 655; *Geisen* v. *Reder, post,*529. In the last of the cases cited, upon a record much like the present, the court held that such an imperfection could not be cured by any presumption arising from the presence, in the transcript, of the pleading unidentified as that upon which the trial was had. The sufficiency of pleadings, the correctness of conclusions of law, and questions upon the motion for a new trial

all relate back to the complaint, and, in its absence from the record are not properly presented. The judgment is affirmed.