CAPITAL NATIONAL BANK OF SALEM ET AL. v. REID, ADMINISTRATOR, ET AL.

[No. 18,830. Filed January 23, 1900.]

APPEAL AND ERROR.—*Parties.*—Parties to a judgment whose interests are adverse to that of one appealing from such judgment must be made parties to the appeal. *p. 56.*

SAME.—*Record.*—*Agreement.*—An agreement in open court that "all matters material in evidence might be proved under the general denial to the pleadings filed, the same as if specially pleaded by cross-complaint, answer, or reply," did not withdraw the cross-complaints filed when the agreement was made, and in the absence of such pleadings from the record, upon which questions raised by the assignment of errors depend, no question is presented. *pp. 56, 57.*

From the Washington Circuit Court.    *Appeal dismissed.*

*F. M. Hostetter* and *S. H. Mitchell,* for appellants.

*J. A. Zaring, M. B. Hottel, Harvey Morris, D. M. Alspaugh* and *J. C. Lawler,* for appellees.

MONKS, J.—Appellee, Volney T. Reid, as administrator with the will annexed of the estate of James F. Burcham, deceased, filed his petition in the court below to set off to the widow her undivided one-third of the real estate of said testator, and to sell the part not·set off to her to pay the debts of said estate, making defendants thereto the widow and children of said deceased. John H. Albert, and William A. Cusick held a mortgage on said real estate, and the Capital National Bank of Salem and John F. Burcham each held a mortgage on said real estate. The wife of said deceased did not join in the execution of either of

said mortgages. The mortgage to Burcham was to indemnify him against any loss as the surety of said deceased to divers persons. These mortgagees were all made defendants to said petition. By agreement of parties the undivided one-third of said real estate was set off to the widow in the manner provided by law. Afterwards, appellants, John H. Albert and William A. Cusick, filed an answer to said petition to sell, and also a cross-complaint in three paragraphs against all the other parties to said action. The Capital National Bank of Salem filed an answer to said petition, and also a cross-complaint in three paragraphs against all the other parties to said action. John F. Burcham filed an answer to the petition of the administrator, and also an answer to the cross-complaint of Albert and Cusick, and an answer to the cross-complaint of said National Bank. Belle L. Burcham filed an answer to the petition and the several cross-complaints in said cause. Albert and Cusick and said National Bank, respectively, filed answers to the cross-complaints to which they were made defendants. Afterwards, Albert and Cusick and the Capital National Bank, by permission of the court, amended their respective cross-complaints by making new parties defendant thereto. Afterwards said new parties defendant to said cross-complaints, John R. Bare, Clare E. Bressie, James H. Spaulding, Bank of Salem, James Wilson, and Raymond Duff, were duly served with process. The parties agreed in open court that all matters material in evidence might be proved upon the trial under the general denial to the pleadings filed, the same as if specially pleaded by cross-complaint, answer, or reply. The court, at the request of one of the parties, made a special finding of facts, and stated conclusions of law thereon, to which appellants severally excepted. The court ordered that the real estate not set off to the widow be sold, and the proceeds applied, first, to the payment of the $500 allowed the widow by law, next to the indebtedness of the testator for which said John F. Burcham was surety, and

on account of which the indemnifying mortgage was executed to him, and the remainder, if any, be applied to the payment of the indebtedness to Albert and Cusick and said National Bank secured by their respective mortgages. The Capital National Bank of Salem, John H. Albert, and William S. Cusick alone appeal. They assign errors, making Volney T. Reid, administrator, and Belle F. Burcham, the widow, and John F. Burcham appellees.

Appellees have filed a motion to dismiss the appeal on the ground that appellants have not made all the parties whose interests are adverse to and in conflict with theirs appellees in this court. It appears from the record that the mortgage executed by the decedent to John F. Burcham was to indemnify and secure him against loss as the surety of said deceased on notes held by the following parties: Salem Bank, John R. Bare, Martha Bressie, James Wilson, Raymond Duff, and James II. Spaulding. These persons were by leave of court made defendants to the cross-complaints filed by appellants, and duly brought into court by the service of summons. The final judgment expressly ordered that the administrator pay, not to John F. Burcham, the surety, the amount for which he was surety, but to the Salem Bank, John Bare, Mrs. Bressie, James Wilson, Raymond Duff, and James H. Spaulding, the amount of the claim held by each respectively, upon which said John F. Burcham was surety, and, if any of said claims be paid by said Burcham as surety, the administrator pay the amount thereof to him. It is evident that the holders of said notes above named, being parties to the action in the court below, were opposite parties to appellants, the same as Belle Burcham and John F. Burcham, and should have been made co-appellees with them, under the rule declared in *McClure v. Shelburn Coal Co.*, 147 Ind. 119, and *Garside* v. *Wolf*, 135 Ind. 42. Upon the authority of the cases mentioned, the motion to dismiss the appeal is sustained.

Moreover, if all opposite parties to appellants had been made appellees in this court, the judgment would be af-

firmed, because the questions raised by the assignment of errors could not be determined on account of the absence from the record of the cross-complaints filed by appellants in the court below. The agreement in open court that "all matters material in evidence might be proved under the general denial to the pleadings filed, the same as if specially pleaded by cross-complaint, answer, or reply," did not withdraw appellants' cross-complaints, as insisted by them. Said cross-complaints were "pleadings filed" when said agreement was made, and were a part of the record in the court below. By virtue of said agreement all defenses to the petition and cross-complaints could have been made under general denials filed thereto, the same as if specially pleaded. The law imposes upon an appellant the duty of presenting a record disclosing manifest error before he is entitled to a reversal. In the absence of the pleadings upon which the questions raised by the assignment of errors depend, no question is presented. *Marsh* v. *Bower,* 151 Ind. 356, 357. Whether or not the court should have found that appellants' mortgages are prior or subsequent to the mortgage of Burcham depends upon the allegations of said cross-complaints as well as upon the evidence, and not on the allegations of the petition, which presents no question of priority of liens. For all that appears from the record, said cross-complaints may admit that the lien of the mortgage held by Burcham is prior to the lien of the mortgage held by the appellants. In the absence of said cross-complaints, we must indulge in this presumption, if necessary, to sustain the special finding, conclusions of law, and judgment of the trial court. What was said in *Marsh* v. *Bower, supra,* concerning the absence from the record of the complaint, applies in this case with equal force to the cross-complaints of appellants. The court said: "The sufficiency of pleadings, the correctness of conclusions of law, and questions upon the motion for a new trial, all relate back to the complaint, and, in its absence from the record are not properly presented." Appeal dismissed.