## DEDERICK ET AL. *v.* BAUMGARTNER ET AL.

[No. 6,865.  Filed October 12, 1910.]

1.  APPEAL.— *Transcript.— Omitting Amended Complaint.*— A tran-
script showing the filing of a complaint and setting it out, and
also showing the filing of an amended complaint but failing to
set it out, or to show that the one set out was the amended one,
is fatal to the appeal taken. p. 404.

2.  APPEAL.—*Transcript.—Omitting Amended Complaint.—Time for
Objecting.*—An objection by appellees in their brief that the
transcript omits the amended complaint, is properly made. p. 405.

From Jay Circuit Court; *John L. LaFollette,* Judge.

Action by Prescott K. Dederick and another against
Peter Baumgartner and others. From a judgment for de-
fendants, plaintiffs appeal. *Affirmed.*

*Frank H. Snyder, Whitney E. Smith* and *William Drew,*
for appellants.

*Emerson E. McGriff* and *Jesse C. Sutton,* for appellees.

HADLEY, J.—The first entry in the transcript after the
placita proceeds as follows: "Be it remembered that on
January 16, 1906, * * * the following proceedings
were had in said cause, to wit:  Come the plaintiffs by their
attorneys and file their complaint, on account and con-
tract, in these words."  Then follows a complaint in three
paragraphs.  The record then shows the issuance of sum-
mons, appearances of attorneys, filing of cost bond, filing of
joint and several demurrers, ruling of the court thereon,
filing by plaintiffs of an additional third paragraph of com-
plaint, which is not copied into the record, and the filing of
a motion of defendants to require plaintiffs to make said
third paragraph more specific.  Then follows this entry:
"And afterwards, to wit, on March 1, 1906, the same being
the twenty-second judicial day of the February term, 1906,
of said court, the following further proceedings were had in
said court in said cause, to wit:  Come the plaintiffs by

their attorneys and file their amended complaint in these words.'' But no such complaint is copied into the record. In fact, no complaint except the one first noted, and upon which the record shows the summons was issued, is set out in the record. If in fact, as is suggested by appellant, the complaint set out is the amended complaint, there is not a word in the complaint itself, the record or the certificate of the clerk, to indicate that this is true. On the contrary, its place in the record and the entries following all indubitably identify it as the original complaint. Nowhere does the clerk certify that the record contains a copy of the amended complaint. The entry showing the filing of the amended complaint is followed by entries showing that demurrers were filed, answers made thereto and the issues for trial made thereon.

The complaint is the basis of the action, and all questions arising on the pleadings and at the trial must relate thereto; and unless the complaint upon which the issues were based and the trial had is exhibited and identified in some manner, no question is presented to the court for review. *Marsh* v. *Bower* (1898), 151 Ind. 356; *Reid* v. *Reid* (1898), 149 Ind. 274.

This case is distinguished from the case of *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 54 L. R. A. 787, in this: In the Houlihan case the clerk copied into the transcript a complaint, as the amended complaint, that was identical with the original complaint that had previously been copied into the transcript, but designated the latter complaint as the amended complaint, and certified that the transcript contained a copy of the amended complaint. In this case, however, the clerk copied into the transcript the original complaint, and did not pretend to copy the amended complaint, and did not certify that the transcript contained such copy. The presumption that the clerk has done his whole duty cannot be indulged in, in the face of the plain words of the transcript. We are reluc-

tant to determine this case upon this technicality, but the transcript is our only source of information, and in the very nature of things it should be so prepared as to preclude the probability of a mistake as to the question presented. We cannot safely go into the field of conjecture with no guide-posts to direct us. Hence, in the very nature of things, the transcript must import absolute verity, and be of sufficient clearness to enable us to determine, without probability of mistake, the questions and issues involved. We have not the slightest idea what the amended complaint contained, how many paragraphs it consisted of, or upon what theory it sought a judgment, as the transcript gives us no suggestion or enlightenment on these matters.

This objection to the transcript was timely made by appellees in their brief. The record does not show error.

Judgment affirmed.