## LAWRENCE *v.* OLIVER TYPEWRITER COMPANY.

[No. 7,740.    Filed November 22, 1912.]

1. APPEAL.—*Record.*—*Omission of Complaint.*—In the absence of the complaint from the record, no question is presented on appeal. p. 434.

2. APPEAL.—*Record.*—*Requisites.*—Although under §§667, 690 Burns 1908, Acts 1903 p. 338, §649 R. S. 1881, an appellant is not required to bring up the entire record on appeal, its contents must be sufficient to present to the court, in intelligent form, the question sought to be reviewed, so that no question is presented by an assignment that the court erred in the conclusions of law, where only the findings, the conclusions of law and the judgment of the court are set out in the record.    p. 435.

From Superior Court of Marion County (78,412) ; *Clarence E. Weir,* Judge.

Action by the Oliver Typewriter Company against Henry W. Lawrence.    From a judgment for plaintiff, the defendant appeals.    *Affirmed.*

*William W. Lowry,* for appellant.

*Charles O. Roemler* and *Harry O. Chamberlin,* for appellee.

LAIRY, J.—The record on file in this case recites that this cause was submitted to the court below for trial, and, pursuant to a request by defendant, the court made and filed its special findings of facts and stated its conclusions of law thereon.    The findings, the conclusions of law and the judgment of the court are set out in the record, but the pleadings are entirely omitted.    Appellant assigns as error that the court erred in its conclusions of law.

At the threshold of our investigation we are met by the contention of appellee that no question is presented by the record on account of the absence of the pleadings.    There is a long and uninterrupted line of decisions in this

1.    State holding that in the absence of the complaint from the record no question is presented on appeal.

*Collins* v. *United States Express Co.* (1866), 27 Ind. 11; *McCardle* v. *McGinley* (1882), 86 Ind. 538, 44 Am. Rep. 343; *Marsh* v. *Bower* (1898), 151 Ind. 356, 51 N. E. 480; *Fellenzer* v. *VanValzah* (1884), 95 Ind. 128; *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655, 34 N. E. 847; *Geisen* v. *Reder* (1898), 151 Ind. 529, 51 N. E. 353, 51 N. E. 1060; *Roberts* v. *Trammell* (1898), 19 Ind. App. 709, 49 N. E. 1107; *Capital Nat. Bank* v. *Reid* (1900), 154 Ind. 54, 55 N. E. 1023.

Under the statutes of our State (§§667, 690 Burns 1908, Acts 1903 p. 338, §649 R. S. 1881) appellant is not required to bring up the entire record on appeal. He may

2. direct what the transcript shall contain, but this privilege must be so exercised as to present to this court, in intelligent form, the question sought to be reviewed. *Brown* v. *Brown* (1893), 133 Ind. 476, 32 N. E. 1128, 33 N. E. 615. These principles being well founded in reason and practice, the question remains, whether the pleadings, which appellant has entirely omitted in this case, were necessarily a part of the transcript so as to present the question of the court's conclusions of law on the special findings.

In the case of *Marsh* v. *Bower, supra,* the Supreme Court said: "There is abundant authority for the proposition that upon the appellant rests the duty of presenting a record disclosing manifest error. Elliott, App. Proc. §186. It is well settled, also, that, in the absence of the complaint, no question is presented for decision. * * * The sufficiency of pleadings, the correctness of conclusions of law, and questions upon the motion for a new trial all relate back to the complaint, and, in its absence the record is not properly presented."

The pleadings constitute the foundation on which the superstructure of the cause must rest, and without them there can be no cause. With the omission of the pleadings, we are unable to determine who were parties to the suit, and to what extent their interests were affected by allega-

tion or admission. The case of *Reid* v. *Reid* (1898), 149
Ind. 274, 49 N. E. 2, was one in which no pleadings were
made a part of the transcript on appeal. The court, in hold-
ing that no questions were presented by the assignments
of errors, used the following language: "The essential basis
of a cause, the pleadings, not being before us, we are sup-
plied with no ground upon which to consider the assignment
of error. We cannot know the character of the suit, the
parties interested, or the correctness of the conclusions
reached without the pleadings, the foundation upon which
the proceedings were constructed, the point of view from
which every step must be scrutinized. It is no more possi-
ble for this court to consider the action of the trial court
without the pleadings in a cause than for the trial court to
gather the scope of the issues between the parties, deter-
mine the relevancy of the evidence, and, by judgment, ad-
just the rights of the parties, without pleadings."

This question has recently been passed on by this court in
the case of *Mesker* v. *Fitzpatrick* (1911), 48 Ind. App. 518,
94 N. E. 827.

On the authority of the cases heretofore cited, we are con-
strained to hold that the transcript in this case presents no
question for our decision, and the judgment is therefore
affirmed.

NOTE.—Reported in 99 N. E. 809. See, also, under (1) 2 Cyc.
1035; (2) 3 Cyc. 155.