## GRAVES v. JENKINS.

[No. 9,137. Filed April 14, 1915.]

1. APPEAL.—*Record.—Presumptions.*—No presumption can be indulged that a pleading copied into the record, but not properly identified, is the pleading upon which the case was tried. p. 501.
2. APPEAL.—*Record.—Identity of Complaint.*—To sustain appellant's burden to point out error, the complaint on which the cause was tried must be a part of the record and properly identified, and, while the use of the word "complaint" for "amended complaint", or other variation of terms, will be held immaterial if the identity of the pleading can be ascertained from the record, the identity must be so definite and certain as to leave no reasonable ground for doubt or speculation, or the appeal must fail. p. 501.
3. APPEAL.—*Bill of Exceptions.—Failure to Show Filing.*—Where the bill of exceptions containing the evidence is not shown to have been filed with the clerk below, it can not be considered a part of the record on appeal, and questions arising on the evidence can not be considered. p. 502.

From Jasper Circuit Court; *Burton B. Berry,* Special Judge.

Action by Alfred B. Jenkins against Milton E. Graves. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*John A. Dunlap,* for appellant.

*Rogers & Rogers* and *W. H. Parkinson,* for appellee.

FELT, J.—Appellee has moved the court to dismiss this appeal for the following reasons: The second paragraph of amended complaint on which the case was tried in the court below is not a part of the record; there is no complaint in the record upon which an issue was joined or a trial had in the court below; neither the evidence nor the instructions are properly in the transcript.

The record affirmatively shows that the amended complaint in the court below was in two paragraphs and that appellant demurred separately "to the first and second paragraphs of amended complaint". The demurrer was sustained to the first paragraph and overruled as to the second paragraph of such amended complaint. The only complaint copied into the transcript consists of one paragraph denominated "amended complaint". There is nothing in the record to show that this is the second paragraph of the amended complaint on which the case was tried and the judgment rendered. The "amended complaint" may have been different from either the first or second paragraph shown to have been filed, or it may have been identical with either of such paragraphs but we have no means of ascertaining the fact with ·any certainty. It has been held that where a pleading not properly identified is copied into the record, no presumptions can be indulged to show that it is the pleading upon which the case was tried. *Mesker* v. *Fitzpatrick* (1911), 48 Ind. App. 518, 94 N. E. 827; *Marsh* v. *Bower* (1898), 151 Ind. 356, 357, 51 N. E. 480; *Geisen* v. *Reder* (1898), 151 Ind.. 529, 531, 51 N. E. 353, 1060..

Where the court can ascertain from the record the identity of the pleading, the use of the word "complaint" for "amended complaint", or other variation of terms will be held immaterial. *Chicago, etc., R. Co.* v.

*Barker* (1908), 169 Ind. 670, 83 N. E. 369, 17 L. R. A. (N. S.) 542, 14 Ann. Cas. 375; *Mesker* v. *Bishop* (1914), 56 Ind. App. 455, 103 N. E. 492, 105 N. E. 644; *Southern R. Co.* v. *Bretz* (1914), 181 Ind. 504, 104 N. E. 19. A party appealing has the burden of definitely pointing out the error upon which he relies, and to do this, the complaint upon which the case was tried and which is the foundation of the judgment appealed from, must be a part of the record and be so definitely identified that there is no reasonable ground for doubt or speculation as to its identity. When there is any reasonable basis for speculation or doubt, the appellant must.fail, for in the absence of the duly identified complaint, no question can be presented on appeal. It can not be ascertained with certainty that the "amended complaint" which appears in the transcript is the second paragraph of amended complaint on which the judgment seems to rest. *Marsh* v. *Bower, supra; Mesker* v. *Fitzpatrick, supra; Lawrence* v. *Oliver Typewriter Co.* (1912), 51 Ind. App. 434, 99 N. E. 809; *Dederick* v. *Baumgartner* (1910), 46 Ind. App. 403, 92 N. E. 663; *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 60 N. E. 943, 54 L. R. A. 787.

While the absence .from the record of the complaint on which the case was tried, defeats the appeal, if the complaint was in the record, no question depending on the evidence could be considered for the reason that the bill of exceptions containing the evidence is not shown, either by order book entry or by certificate of the clerk, to have been filed in the court below. Therefore it can not be considered a part of the record. *Hoffman* v. *Isler* (1912), 49 Ind. App. 284, 286, 97 N. E. 188.

No question being duly presented for consideration, the appeal is dismissed.

NOTE.—Reported in 108 N. E. 531. See, also, under (2) 2 Cyc. 1035; 3 Cyc. 275; (3) 3 Cyc. 164.