## MILLER *v*. BERNE HARDWARE COMPANY.

### [No. 9,282.   Filed May 17, 1917.]

1. CORPORATIONS.—*Actions.—Complaint.—Sufficiency. — Statute. —Appearance by Attorney.—Necessity of Averment.*—As §996 Burns 1914, §961 R. S. 1881, providing that in all civil actions corporations shall appear by attorneys, does not require that a corporation aver in a complaint filed by it that it prosecutes its action by an attorney, such an averment is not necessary to the sufficiency of a complaint nor pertinent as an objection in the memorandum accompanying the demurrer to a complaint. p. 475.

2. APPEAL. — *Questions Reviewable. — Ruling on Demurrer. — Grounds not Included in Memorandum.*—Under §344 Burns 1914, Acts 1911 p. 415; grounds of objection to the sufficiency of the complaint which are not included in the memorandum accompanying the demurrer are not available on appeal. p. 475.

3. APPEAL.—*Assignment of Errors.—Insufficiency of Complaint.* —Under §344 Burns 1914, Acts 1911 p. 415, an assignment of error that the complaint does not state facts sufficient to constitute a cause of action presents no question for review. p. 475.

4. APPEAL.—*Record.—Sufficiency.—Incorporating Original Motion for New Trial.*—Under the rule announced in *Spurlock* v. *State* (1916), 185 Ind. 638, error assigned in overruling a motion for new trial is not rendered unavailable on appeal on the ground that the motion is not in the record because the original motion, instead of a copy thereof, is called for by appellant's praecipe attached to the transcript, and because such original motion, instead of a copy, is embodied in the transcript and certified to by the clerk. p. 475.

5. APPEAL.—*Questions Reviewable.—Ruling on Motion for New Trial.—Record.—Failure to Include Evidence.*—The absence of the evidence from the record precludes the consideration on appeal of any ground of a motion for a new trial which challenges any ruling of the trial court, the correctness of which in any way depends on the evidence.   p. 476.

6. APPEAL.—*Briefs.—Sufficiency.—Rules of Court.*—The rules of the Appellate Court require appellant to so prepare his brief that the questions sought to be presented therein can be determined by the court from the briefs without resort to the record, and the court will not search the record to reverse the judgment of the trial court. 'p. 476.   '

7. APPEAL.—*Record.—Failure to Include Pleadings and Evidence.*

Miller *v.* Berne Hardware Co.—64 Ind. App. 473.

—*Review of Instructions.*—In the absence of the pleadings, or the substance thereof, and in the absence of the evidence, the appellate court cannot determine the relevancy or pertinency of any instruction given or refused, or consider any ruling the correctness of which in any way depends on the issues and the evidence. p. 477.

8. NEW TRIAL.—*Grounds.*—*Misconduct of Juror.*—*Impeaching Verdict.*—The verdict of a jury cannot be impeached directly upon the affidavit of one of the members, nor may it be indirectly impeached upon information communicated by jurors and supported by the affidavit of another. p. 478.

9. NEW TRIAL.—*Grounds.*—*Misconduct of Juror.*—The fact that the matter tending to impeach the verdict of the jury is hearsay and comes indirectly to the complaining party will not obviate the objection that the impeaching matter comes from the juror, or give to such matter additional favor with the courts. p. 478.

10. NEW TRIAL.—*Grounds.*—*Misconduct of Juror.*—*Acquiescence by Party.*—Where defendant's attorneys saw a juror on several occasions during the progress of the trial take notes, defendant, being charged with whatever knowledge his attorneys had as to misconduct of the jury, was put upon inquiry as to what the juror was doing, and he could not sit by, impliedly acquiescing in his conduct, and speculate upon obtaining a favorable verdict, and, failing therein, obtain a new trial upon the ground that the juror made notes of the evidence and used them in the jury room to influence his fellow jurors. p. 479.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by the Berne Hardware Company against Mathias Miller. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Peterson & Moran,* for appellant.

*F. M. Cottrell* and *Heller, Sutton & Heller,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor for $323 in an action brought by it to recover on a promissory note. It is not necessary to a disposition of the questions presented by the appeal to further indicate the issues upon which the case was tried. The errors relied on for reversal are: (1) The

overruling of the demurrer to the complaint; (2) the complaint does not state facts sufficient to constitute a cause of action; (3) the overruling of the motion for new trial.

The only objection to the complaint suggested in this court is that (we quote from appellant's brief) it "does not comply with section No. 996 Burns 1914 which requires corporations to prosecute actions by attorneys in all cases." This objection is not available for three reasons. (1) It would not have been pertinent as a ground of objection in the memorandum accompanying the demurrer to said complaint, because the statute cited does not purport or attempt to impose upon a corporation the duty of averring in a complaint filed by it that it prosecutes its action by attorney, and no such averment is necessary to the sufficiency of such complaint. (2) It was not, in fact, included as one of the grounds of such memorandum, and hence is in no event available on appeal. §344 Burns 1914, Acts 1911 p. 415; *City of Bloomington* v. *Citizens Nat. Bank* (1914), 56 Ind. App. 446, 105 N. E. 575. (3) The record discloses that appellee appeared by attorneys who prosecuted its action, and hence there was a compliance with said statute.

The second error relied on presents no question. §344 Burns 1914, *supra;* *Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 104 N. E. 878.

Appellee insists that the third error relied on is also unavailable and, among the several grounds upon which this contention is predicated, he urges that the motion for new trial is not in the record because the original motion instead of a copy thereof is called for by appellant's praecipe attached to the transcript, and because such original motion, instead of the

copy, is in fact embodied in the transcript and certified to by the clerk. Numerous cases supporting this contention are cited. These cases, however, have been recently overruled by the Supreme Court. *Spurlock* v. *State* (1916), 185 Ind. 638, 114 N. E. 209.

It is also urged that none of the grounds of said motion are available for the reason that the evidence is not in the record, and for the further reason 5. that appellant has failed to set out in his brief the substance of the pleadings. Our examination of the record discloses that it does not contain the evidence. The absence of the evidence precludes the consideration of any ground of said motion which challenges any ruling of the trial court the correctness of which in any way depends on such evidence. *Miller* v. *Armstrong, etc., Co.* (1913), 53 Ind. App. 501, 102 N. E. 47; *Harness* v. *State, ex rel.* (1896), 143 Ind. 420, 42 N. E. 813; *Lake Erie, etc., R. Co.* v. *Clark* (1893), 7 Ind. App. 155, 34 N. E. 587, 52 Am. St. 442; *Hatfield* v. *Chenoweth* (1903), 32 Ind. App. 554, 70 N. E. 166. The record also discloses that appellant filed an answer in six paragraphs and a cross-complaint in two paragraphs.

Appellant, in his brief, states generally, and by way of conclusion only, the nature of the fourth, fifth and sixth paragraphs of said answer and each para-6. graph of the cross-complaint. The substance of neither of these pleadings is set out in the brief. The rules of the court as frequently construed and interpreted by the decided cases require the appellant to so prepare his brief that the questions sought to be presented therein can be determined by the court from such briefs without resort to the record. *Laatsch* v. *Andree* (1912), 51 Ind. App. 242, 243, 99 N. E. 451; *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Chicago, etc., R. Co.* v. *New-*

*kirk* (1911), 48 Ind. App. 349, 350, 93 N. E. 860. This court will not search the record to reverse the judgment of the trial court. *State, ex rel.* v. *Board, etc.* (1906), 167 Ind. 276, 287, 288, 78 N. E. 1016; *Henderson* v. *Country Pub. Co.* (1914), 57 Ind. App. 414, 415, 107 N. E. 295; *Kelly* v. *Grand Trunk, etc., R. Co.* (1910), 46 Ind. App. 697, 93 N. E. 616.

In the absence of the several pleadings, or the substance thereof, and in the absence of the evidence, this court could in no event determine the relevancy or pertinency of any instruction given or refused, or consider any ruling the correctness of which in any way depends on the issues and the evidence. *McArdle* v. *McGinley* (1882), 86 Ind. 538, 44 Am. Rep. 343; *Foultz* v. *State* (1899), 24 Ind. App. 141, 146, 56 N. E. 262; *Barnes* v. *Pelham* (1897), 18 Ind. App. 166, 168, 169, 47 N. E. 648; *Chicago, etc., R. Co.* v. *Rader* (1894), 10 Ind. App. 607, 38 N. E. 341; *Lawrence* v. *Oliver Typewriter Co.* (1912), 51 Ind. App. 434, 99 N. E. 809; *Mesker* v. *Fitzpatrick* (1911), 48 Ind. App. 518, 520, 94 N. E. 827; *Dederick* v. *Baumgartner* (1910), 46 Ind. App. 403, 404, 92 N. E. 663; *Parker Land, etc., Co.* v. *Ayres* (1908), 43 Ind. App. 513, 87 N. E. 1062; *Lyons* v. *Souder* (1914), 56 Ind. App. 443, 105 N. E. 511, and cases cited; *Wallace* v. *Mattice* (1889), 118 Ind. 59, 61, 20 N. E. 497.

Other reasons are suggested why those grounds of the motion for new trial challenging the giving and refusal of instructions are not available, but those indicated are sufficient for that purpose, as well as for the disposition of all other grounds of said motion, unless it be the eleventh ground, which is predicated upon the misconduct of one of the jurors during the trial of the cause. The misconduct relied on is presented by affidavits accompanying said motion, which are, in brief, to the effect that one of the jurors took notes of the

evidence during the progress of the trial and took them to the jury room and used them to influence his fellow jurors in their deliberations on and consideration of their verdict. The affidavits fail in two respects to show facts sufficient to entitle appellant to any relief from such alleged misconduct. "The verdict of a jury cannot be impeached directly upon the affidavit of one of its members, nor may it be indirectly impeached upon information communicated by jurors and supported by the affidavit of another." *Pittsburgh, etc., R. Co.* v. *Collins* (1906), 168 Ind. 467, 80 N. E. 415; *Hutchins* v. *State* (1898), 151 Ind. 667, 671, 52 N. E. 403; *Treschman* v. *Treschman* (1901), 28 Ind. App. 206, 220, 61 N. E. 961; *Eaken* v. *Thompson* (1891), 4 Ind. App. 393, 395, 396, 30 N. E. 1114; *Indianapolis Traction, etc., Co.* v. *Miller* (1909), 43 Ind. App. 717, 723, 88 N. E. 526; *Stanley* v. *Sutherland* (1876), 54 Ind. 339, 356.

In his affidavit the appellant says:

"Affiant further says that the information which he has received in regard to such misconduct aforesaid as hereinbefore stated, has not been received by him directly from any of the jurors who sat as jurors trying said cause."

He fails to state from whom he received his information, and so far as the affidavit shows anything on this subject, it is an implied admission that it came indirectly from some juror. The fact that the matter tending to impeach the verdict of the jury is hearsay and comes second hand or indirectly to the complaining party will not obviate the objection that the impeaching matter comes from the juror, or give to such matter any additional favor with the courts.

Again the appellant is charged with whatever knowledge his attorneys had as to said misconduct. *Long* v.

*State* (1884), 95 Ind. 481, 483; *Cleveland, etc., R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 96 N. E. 815. And it appears from their affidavits that during the progress of the trial they saw the juror on two or three occasions take his note book and pencil and take notes. They say, however, that they did not know that he was taking notes of the evidence. This did not relieve them from ascertaining the facts. *Commonwealth* v. *Tucker* (1905), 189 Mass. 457, 76 N. E. 127, 142, 7 L. R. A. (N. S.) 1056; *May* v. *State* (1895), 140 Ind. 88, 91, 94, 39 N. E. 701; *Cleveland, etc., R. Co.* v. *Dixon, supra.* Appellant, through his attorneys, having the knowledge that should have put him upon inquiry as to what the juror was doing, could not sit by, impliedly acquiescing in his conduct, and take the chances of a verdict in his favor, and, failing therein, thereafter obtain the advantage of the conduct in which he had impliedly acquiesced.

Finding no available error in the record, the judgment below is affirmed.

NOTE.—Reported in 116 N. E. 54. New trial: misconduct of juror, impeachment of verdict, 29 Cyc 981, 982.