Anderson Foundry and Machine Works *v.* Myers.

Filed May 26, 1896.

---

No. 1,704.

## ANDERSON FOUNDRY AND MACHINE WORKS *v.* MYERS.

APPELLATE PROCEDURE.—*Pleading.—Theory.*—If a pleading is susceptible of being construed as proceeding upon two or more theories, or the predominating theory is dubious or uncertain, the theory adopted by the parties and the trial court, and upon which the cause proceeded and was tried, will be adhered to on appeal.

PLEADING.—*Complaint.—Tort.—Contract.*—Tort and contract cannot properly be commingled in the same paragraph of complaint.

SAME.— *Complaint. — False Representations. — Caveat Emptor.*— A complaint is not sufficient upon the theory of false representations, where it appears that the machine in question was delivered upon plaintiff's premises, and was there tested by defendant's agent in plaintiff's absence, and the character of its work and its capacity falsely reported to plaintiff. but that plaintiff had ample opportunity to test the machine, in such respects, before he made payment on

VOL. 15—25

Anderson Foundry and Machine Works v. Myers.

the same and executed his note for the balance, but neglected to do so, it not appearing but that plaintiff was as competent to make the test as defendant or its agent.

FALSE REPRESENTATIONS.—*Sale.*—*Caveat Emptor.*—A representation that a machine is new, is unavailing in an action for false representations, where the plaintiff had opportunity to determine such fact for himself.

From the Madison Circuit Court.

*Chipman, Keltner & Hendee*, for appellant.

*H. C. Ryan, Carson & Thompson*, for appellee.

LOTZ, J.—The appellant, the Anderson Foundry and Machine Works, sold to the appellee a steam-power brick machine, for the price of $550.00. The appellee brought this action, claiming that he had sustained damages on account of the false and fraudulent representations of the defendant, and of breach of warranty. The theory of the complaint is somewhat uncertain. It is susceptible of being construed as an action to recover damages for false and fraudulent representations, and also for a breach of warranty.

It appears, from the instructions given, that the trial court construed the complaint as proceeding upon the theory of fraudulent representation, and appellee's counsel, in their brief, expressly claim that this is the theory of the complaint, and that they tried the case upon that theory. When a pleading is susceptible of being construed as proceeding upon two or more theories, or the predominating theory is dubious or uncertain, that theory adopted by the parties and trial court, and upon which the cause proceeded and was tried, will be followed by this court, *Cleveland, etc., R. W.* v. *Debolt*, 10 Ind. App. 174.

The averments of the complaint, in so far as they are necessary to present the question of fraud, are, substantially, as follows:

The plaintiff entered into an agreement with the defendant for the purchase of a steam-power brick machine. It was agreed that the plaintiff should pay the freight from Anderson to Centerton, and that he would place the machine in his brickyard at Centerton, and provide clay for starting and testing the machine. The defendant agreed to superintend and start the machine into successful operation, and to the satisfaction of the plaintiff. The defendant represented and warranted that the machine had a capacity to make 35,000 to 40,000 perfect brick per day, from clay sufficiently stiff to retain their forms ; that the machine was of the best workmanship and materials, and was new, having been used but two or three days.

In consideration of the representations, agreements, and warranty, the plaintiff agreed to pay the defendant the sum of $550.00, as follows: $275.00 cash, and $275.00 by his negotiable promissory note due in one year, when the defendant should start the machine into successful operation, and it should be demonstrated to the plaintiff's satisfaction that the defendant's contract and warranty had been fully performed. In pursuance of such agreement, the machine was set up in the plaintiff's yard at Centerton, and everything done by the plaintiff to make a proper test of the machine; on the 24th day of August, 1892, the defendant sent its agent to superintend the starting and operating of the machine. The plaintiff had no knowledge of the time when the test should be made, and was not present. In the absence of the plaintiff, the defendant's agent did superintend the starting and operating of the machine, and thereafter, upon the return of the plaintiff, represented to him that the machine had worked perfectly and as guaranteed, which representations were not true, but the plaintiff believed the same to be true, and relied

thereon. The defendant, at the same time, in a written communication, stated to the plaintiff that if everything was not perfectly satisfactory, it would make it so. Afterwards, on the 31st day of August, the plaintiff notified the defendant that he had not yet operated the machine, and that he was not prepared to make payment, but probably would be by the following week, and asked for an additional warranty; that the defendant thereupon, on the 2d day of September, made this further statement in writing: "We will say to you that you can rest easy, for we will do our part in the event anything should not prove satisfactory, which we are certain will not be the case;" that, relying upon such representations and agreements, the plaintiff, before making a test of said machine, and before it had been demonstrated to his satisfaction that the machine filled the warranty, made the cash payment of $275.00, and executed his negotiable promissory note for the deferred payment. It is further averred that the machine was of imperfect construction; that it had less capacity than was represented and warranted, and could not be adjusted so as to make brick perfectly, and was not a new machine, but a second-hand one, and was wholly worthless; all of which the defendant knew at the time of making the contract and representations, and which were fraudulently concealed and withheld from the plaintiff, with the intent to cheat and defraud the plaintiff; and that by means thereof the plaintiff was induced to enter into said contract and to make the payments for the machine; that, by reason of such fraudulent acts, the plaintiff has suffered great loss for expenditures for labor in trying to operate the machine, and suffered a loss in his business by reason of the failure of the machine to operate properly.

Fraud and breach of warranty are commingled in this pleading. It is difficult to see how the same transaction can be made the basis for both a tort and a contract, and united in the same paragraph of complaint. It is true, that a party has the right to elect to treat a transaction as a tort or as a contract, but he cannot properly commingle both in the same paragraph of complaint. As the complaint has been construed by the appellee and the trial court as proceeding upon the theory of fraudulent representation, we will consider its sufficiency upon this theory.

The representations concerning the workmanship and materials which entered into the machine, and of the brick made, are not sufficient to sustain a charge of fraud. There is nothing to show that the plaintiff was inexperienced, or had no opportunity to see and examine the machine and brick made, for himself. In fact, it appears that he had possession of it, and had opportunities to examine it. For aught that appears, he was as capable of ascertaining its workmanship, and the quality of the materials, and the work done, as the defendant.

The representation that it was new, having been used only two or three days, is of the same character as the other representations. The appellee had the opportunity to determine for himself whether or not it was new. And as to its having been used, this is an immaterial matter. If the machine would do the work required, and was perfect and sound, this would be sufficient, no matter how much it had been used. The representation as to the kind of work the machine would do, and as to the amount or capacity of its work, were material representations of existing facts. If the plaintiff was misled and deceived by such representations, and induced to part with his money and note, after he had exercised due caution, he may maintain an action for the damages sustained.

Anderson Foundry and Machine Works *v.* Myers.

It appears, from the averments, that the plaintiff was not required to pay until the machine had been set up in his own yards, and a test of its capacity and work made to his satisfaction. It is true, he was not present when the test was made, and that the test was falsely represented to him. But he did not make payment at that time. He retained the possession of the machine upon his own yards for several days before he made the settlement. For aught that appears, he was a practical and experienced workman in that line, and had a full opportunity to make a test and ascertain for himself the truth or falsity of the representation before parting with his money and note. In fact, it does appear that, in a few days afterwards, he did make such test, and then learned of the falsity of the representations. There is nothing in the complaint to show that the defendant's agent professed to be an expert, and that the plaintiff was ignorant and inexperienced. For aught that appears, the plaintiff was as competent to make the test as the defendant or its agent. It seems that he was a manufacturer of brick, had a brickyard, and was engaged in that business. When both parties stand upon an equal footing, and have the same opportunities, the rule *caveat emptor* applies. "If a party blindly trust where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, *volenti non fit injuria.*" *Frenzel* v. *Miller*, 37 Ind. 1 (17); *Furnace* v. *Friday*, 102 Ind. 129.

The complaint is not sufficient upon the theory of fraud. It may be sufficient upon the theory of a breach of warranty, but the case was not tried upon that theory. An issue of fraud was tried when none was properly charged.

The cause is reversed, with instructions to sustain

Anderson Foundry and Machine Works *v.* Myers.

the appellant's motion for a new trial, and with leave to amend the complaint if desired.

Filed May 26, 1896.

### CONCURRING OPINION.

DAVIS, C. J.—I do not concur in all the reasoning of Judge Lotz. The same transaction may constitute a tort and a contract, but fraud and a breach of warranty cannot properly be joined as a cause of action in one paragraph. The representation, that it was a new machine and had been used only two or three days, was, under the circumstances disclosed in the complaint, a material fact. The length of time the machine had been used, in view of the fact that its use demonstrated that it was worthless, was a matter of importance. It is not alleged wherein the representation that the machine worked perfectly was false. It appears, however, that appellee had possession of the machine for several days before he made the settlement therefor, and it is not averred that the alleged defects were latent or concealed. For aught that appears, they may have been open and obvious. The mere fact that appellee had an opportunity to determine whether the machine was as represented, would not preclude his right to recover damages sustained by him on account of the fraud. Appellee had the right to rely on appellant's representation of existing material facts, the truth of which were known to appellant, and unknown to him. He was under no obligation to investigate and verify such representations. However, as it appears, as before observed, that the machine was in his possession for several days before he made settlement therefor; he should, in view of the circumstances referred to by Judge Lotz, have shown that the defects, concerning which the alleged false and fraudulent representations were

made, were not open and apparent to his observation. He was not bound to anticipate that the representations were false but he was required, under the circumstances, to see and notice such defects as were open and obvious to his observation. See *Armstrong* v. *White*, 9 Ind. App. 588. If the defects were latent or concealed, or if, on account of ignorance or inexperience, he did not see such defects as were open and obvious, such facts should be alleged.

All concur in the result.

Filed May 26, 1896.