## TURNER ET AL. v. LAY ET AL.

[No. 20,276.   Filed June 8, 1904.]

DRAINAGE.—*Jurisdiction.*—Where a petition is filed in the circuit court for the establishment of a ditch (§§ 5622-5630 Burns 1901) and the line of the ditch crosses the right of way of a railroad company which is not made a party thereto, but the drainage commissioner lays out such ditch up to such right of way but does not cross, the court has jurisdiction, all other owners being properly made parties. *p. 105.*

SAME.—*Power of Drainage Commissioners to Lay Out.*—Where a remonstrance is filed against the establishment of a drain, and the first report of the drainage commissioners is set aside and the location referred back to such commissioners, they may change the length of the ditch so as to obtain the best and cheapest system of drainage. *p. 105.*

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by Joseph Lay and others for the establishment of a ditch in which George W. Turner and others

file a remonstrance. From a judgment for petitioners establishing the ditch, remonstrants appeal. *Affirmed.*

*J. F. Denney, C. E. Schwartz* and *S. A. D. Whipple,* for appellants.

*E. E. McGriff* and *G. W. Bergman,* for appellees.

MONKS, J.—Appellees commenced this proceeding in the court below to establish a ditch under what is known as the circuit court drainage law, being §§5622-5630 Burns 1901. Such proceedings were had in said cause that the same was referred to the drainage commissioners, who filed their report on March 3, 1903. Appellants, whose lands were named in said report as affected by the proposed work, but were not named in the petition, each filed a remonstrance against said report. Upon the day fixed for hearing said report, the court, after hearing the evidence, found that said report was "not according to law," and set the same aside, and referred the matter back to the drainage commissioners for a new report. The drainage commissioners filed a new report on May 4, 1903, and on May 12, 1903, appellants each filed a remonstrance against the new report. Afterwards the said cause was tried by the court, and the court modified and equalized the assessments, and made an order declaring that said proposed work was established, and approving the assessments as modified and equalized, and assigned said work for construction. Appellants made a motion for a new trial, which was overruled by the court.

It is insisted by appellants that the court below had no jurisdiction of the subject-matter, for the reason that the ditch as described in the petition and in the first report of the drainage commissioners crossed a right of way of a railroad company, and terminated at the west line of said right of way, while the ditch as described in the second report of the drainage commissioners, and as established by the court, did not cross said right of way, but terminated at the east line thereof, and said railroad company had no

notice of said proceedings, and never appeared thereto. It may be that the route of the proposed ditch as described in the petition and the first report of the drainage commissioners crossed the right of way of a railroad company, but, if this be true, it was not disclosed in said petition or report, nor was any railroad company or its right of way named therein.

Section 5624, *supra,* requires that the drainage commissioners "name" said right of way and the railroad company owning it, if they located said ditch on or across said right of way, or if the same was affected thereby, whether mentioned in the petition or not, and if this was not done the report was "not according to law." Remonstrances were filed by appellants against said report, and if it appeared from the evidence, as claimed by appellants, that the ditch as described in said first report crossed the right of way of a railroad company, and the same nor the railroad company owning it was named in said report and notified thereof, it was proper for the court to set aside said report (§5625, *supra*), and refer the matter back to the drainage commissioners for a new report. The method of drainage, the terminus, route, location, and character of the ditch are to be determined by the drainage commissioners and not by the petition. §5624, *supra.* When the matter was referred back to the drainage commissioners by the court, they were not bound to determine these questions as in the first report, but they had the power to change them, or any one of them, so as in their judgment to obtain the best and cheapest system of drainage. In this case said commissioners by their second report shortened, as they had the power to do, the length of the proposed ditch, so that it will not cross the right of way of said railroad company, but will terminate at the east line of said right of way instead of the west line thereof. All the lands on or across which said commissioners located said ditch by their second report, and the lands affected thereby, were described in

said report, and all the persons owning said lands were either petitioners, or were duly notified of said proceeding as required by law. The ditch was established as described in said second report. It is clear that the court below had full and complete jurisdiction over the "subject-matter" and the parties.

Judgment affirmed.