## PAUL MANUFACTURING COMPANY *v.* RACINE, ADMINISTRATRIX.

[No. 6,428. Filed May 25, 1909.]

1. PLEADING.—*Complaint.*—*Master and Servant.*—*Factory Act.*—A complaint by a servant alleging that defendant negligently failed to guard a saw at which plaintiff was working, "that it was practicable and possible properly to guard said saw," and that plaintiff was injured thereby, sufficiently shows that it was practicable to guard such saw. p. 697.

2. NEGLIGENCE.— *Failure to Guard Saw.*— *Factory Act.*— Under §8029 Burns 1908, Acts 1899, p. 231, §9, requiring operators of factories, among other things, to guard all saws, the failure of an operator to guard a saw whereon servants are required to work, constitutes negligence *per se.* pp. 698, 701.

3. PLEADING.— *Complaint.*— *Construction.*— The words used in a complaint should be given their ordinary meaning, and all parts of the complaint should be considered in construing same. p. 698.

4. MASTER AND SERVANT.—*Factory Act.*—*Guarding Dangerous Machinery.*—It is the continuing duty of the master, under §8029 Burns 1908, Acts 1899, p. 231, §9, to guard dangerous machinery, and it constitutes negligence for a master to permit the use of a machine, when the guard is defective, where such master knows or should know of such defect. p. 699.

5. MASTER AND SERVANT.—*Assumption of Risk.*—*Factory Act.*— Under §8029 Burns 1908, Acts 1899, p. 231, §9, requiring factory operators to guard all dangerous machinery, servants working at an unguarded dangerous machine, or at one defectively guarded, do not assume the risk thereof. p. 699.

6. MASTER AND SERVANT.—*Contributory Negligence.*—*Factory Act.* —*Jury.*—Whether a servant was guilty of contributory negligence in working at an unguarded, or defectively guarded, dangerous machine, with knowledge thereof, is a question for the jury. p. 699.

7. PLEADING.— *Complaint.*— *Master and Servant.*—*Defective Machinery.*—*Notice.*—Allegations in a complaint that the guards

about the saw had been removed, as defendant well knew, or should have known, and that knowing of the defective condition and insufficient guards about said saw, defendant negligently permitted plaintiff to work thereon, sufficiently show knowledge of the conditions on defendant's part.   p. 699.

8.  TRIAL.— *Verdict.*— *Interrogatories.*— *Conflict.*— Where the answers to the interrogatories to the jury are not in irreconcilable conflict with the general verdict under any supposable evidence within the issues, the general verdict prevails.   p. 700.

9.  APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.   p. 701.

10.  TRIAL.—*Instructions.*—*Master and Servant.*—*Dangerous Machinery.*—*Defective Guards.*—An instruction, in an action by a servant against the master for negligence in maintaining a defective guard for a saw, that the master is required to keep effective and in good repair the guards to dangerous machinery, and that if the saw in question had a defective guard, that fact would constitute negligence on the part of the master, is erroneous, there being an entire omission of the master's actual or constructive knowledge thereof.   p. 702.

From Superior Court of Allen County;  O. N. *Heaton,* Judge.

Action by Alice M. Racine, as administratrix of the estate of Claude H. Racine, deceased, against the Paul Manufacturing Company.   From a judgment on a verdict for plaintiff for $600, defendant appeals.   *Reversed.*

*Elmer E. Stevenson* and *Zollars & Zollars,* for appellant.
*Clyde M. Gandy* and *Harry H. Hilgemann,* for appellee.

MYERS, J.—This was an action for damages for the alleged negligent killing of appellee's decedent, based upon appellant's neglect to provide an efficient guard for a certain ripsaw in use in its manufacturing establishment, which saw appellee's decedent was required to operate.

This cause was tried upon the second paragraph of appellee's complaint.   A demurrer for want of facts was overruled to that paragraph, and this ruling is assigned as error.

In that paragraph, among other facts, it appears that appellant, on September 23, 1903, was operating a certain wood-working manufacturing plant;  that appellee's dece-

dent was in its employ in said factory, engaged in operating "a certain machine known as a ripsaw," used in sawing boards; that it was appellant's duty properly to guard said saw; that it negligently, carelessly and unlawfully failed to perform this, its duty; that the safeguards about the saw had been removed, as defendant well knew, or should have known, by reason of the great length of time said saw had been allowed to remain unguarded; that, knowing of the defective condition and of the insufficient guards about said saw, defendant negligently and unlawfully permitted plaintiff's intestate to work at and about the same, and "that it was practicable and possible properly to guard said saw." It is then alleged that on the day aforesaid, while plaintiff's decedent, in a careful and prudent manner, was operating said saw, and without any fault or negligence on his part, but because of the lack of the aforesaid proper safeguards, and because the safeguards were in an ineffective condition, a board caught in the saw and was hurled with great force against said decedent, causing him great bodily injuries, from which injuries he died on the following day.

The question presented by counsel is whether this complaint shows a sufficient cause of action under the provisions of section nine of the factory act (Acts 1899, p. 231, §8029 Burns 1908), which provides that all vats, pans, saws, etc., shall be properly guarded. Appellant, in support of its objections urged against the pleading, contends that, in a suit of this nature, the complaint must allege that it was practicable or possible properly to guard the machine without rendering it useless for the work for which it was intended, and that the allegation in the complaint, "that it was practicable and possible properly to guard said saw," falls short of such requirement. The statute in question has been the subject of construction in a number of cases in the Supreme Court and in this Court. The variance, if it may be so called, between the cases being the different views taken as to the proper meaning of the general words in the statute,

and machinery of every description therein." The cases are harmonious that a failure to guard machinery

2. specified in §8029, *supra,* is negligence *per se.* *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149. In this case the offending part of the machine was a saw, specifically mentioned in §8029, *supra,* as a thing which shall be "properly" guarded. If to obey the statute and guard the saw would render it useless for the purposes intended, then certainly to guard the saw would not be practicable. While the approved form is to allege the fact to be as appellant contends, yet we are of the opinion that the allegation in question was sufficient to enable a person of common understanding to know what was intended (§343 Burns 1908, §338 R. S. 1881), and to bring the case within the statute. The words adopted by the pleader are to be taken in their

3. ordinary signification in the connection in which they are used, proper consideration being given to all parts of the pleading. *Davis* v. *Mercer Lumber Co., supra; Whiteley, etc., Castings Co.* v. *Wishon* (1908), 42 Ind. App. 288.

Appellant contends, also, that the theory of the pleading is that the guard became ineffective, and that the machine therefore was not properly guarded, and it is contended that if the employer has provided a suitable guard, and it becomes ineffective, he is not liable if a servant is injured, unless the employer knew of the defect, or that such defect had existed for such a length of time that the employer would be chargeable with notice, and that the law requires a servant to report a defect in a guard, as in cases of other appliances. Appellant further suggests that the complaint fails to show for how long a time before the accident this guard had been ineffective.

It was the duty of the employer not only to provide a proper guard, but also to maintain a proper guard. The

statute requires affirmatively that all saws in a manu-
facturing establishment "shall be properly guarded."

The complaint shows that the appellant knew that the guard about the saw had been removed; that it knew that the guard had become ineffective, or should have known these facts by reason of the great length of time the saw had been allowed to remain in an unguarded condition. It would hardly be said that appellant was complying with the statutory mandate properly to guard the saw, if it knew the saw had inefficient guards about it. We are not dealing with master and servant as their rights and duties existed at common law, but as fixed by a positive statute. *Monteith* v. *Kokomo, etc., Co., supra.* So it has been held that the doctrine of assumed risk has no application to cases of this class. *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599; *Island Coal Co.* v. *Swaggerty* (1903), 159 Ind. 664; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290. The fact that the employe continued his work with knowledge of the defectiveness of the guard would not necessarily render him chargeable with contributory negligence. That would be a question for the jury. *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368; *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32; *United States Cement Co.* v. *Cooper, supra.*

As to the question of knowledge on the part of the appellant, the allegations on that subject in the complaint would have been sufficient at common law. See *Wabash, etc., R. Co.* v. *Morgan* (1892), 132 Ind. 430; *Louisville, etc., R. Co.* v. *Utz* (1892), 133 Ind. 265; *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197. The objections to the complaint are not sustained.

The appellant's motion for judgment in its favor upon the answers to the interrogatories was overruled. It is claimed that the answers show that there was no negligence on the

part of the appellant, that the appellee was guilty of contributory negligence, and further that the injury to the appellee was due solely to the negligence of a fellow servant.

Space need not be taken to repeat the rules which obtain in this court governing a motion for judgment upon the special findings of the jury. The finding by the general verdict that appellant failed to guard the saw properly, as required by the statute, is not irreconcilable with any of the special findings. Evidence was admissible under the issues tried, which might prove to the satisfaction of the jury that some defections of the set-screw, or the place in which it worked, caused the spring which constituted the rear guards to fly up at the moment before the injury so as to permit the board, which was being pushed back, to strike upon the teeth of the saw. If the answers of the jury leave the matter somewhat indefinite, they at least do not show that the rear guard was not raised sufficiently at that moment so to admit the piece of lumber, nor do they show that this condition was attributable to any fault of the intestate. If he were not in fault in that respect, there is nothing shown by the special findings indicating negligence on his part as against the general verdict. The findings show that the decedent had a helper, who was subject to the orders and directions of decedent, but there is no finding of a fact indicating that the injury was caused by the negligence of the helper, or that his negligence contributed to the injury. The most that can be said concerning the answers relating to the helper is that they are seemingly conflicting. If there was no evidence upon which the jury could answer "yes" or "no" to the questions relating to the handling of the board, or whether it was caught by the saw and thrown back against the intestate on account of the manner in which the helper was attempting to push the board over the saw table, how could the jury determine that the injury was caused by the negligence of the helper? The motion is not to be sustained because of conflict, if any, between the answers of the

jury, but must be sustained only because of irreconcilable conflict of the special findings upon a material question essential to support the general verdict.

The appellant's motion for a new trial was overruled, and this ruling is assigned as error. Consul have discussed briefly the question as to the sufficiency of the evidence, but it must be said that upon the material questions of fact the evidence was conflicting and the determination of the facts under such circumstances was within the province of the jury.

Counsel have discussed a number of instructions given to the jury at the request of appellee and a number asked by the appellant and refused. Among the instructions so given was the following: "(5) Under the laws of this State, owners of factories are required not only properly to guard all saws and dangerous machinery, but are also required to keep effective and in good repair and working order any contrivance used for a guard, and if you find from the evidence that the saw in question on the day of the injury had attached thereto any such contrivance which was damaged, useless and in a bad state of repair, that fact of itself would constitute negligence on the part of the defendant corporation."

Under the statute, the failure of the employer to provide a proper guard for a saw of the kind here mentioned and operated in his factory, when it is practicable to make such provision, without rendering it useless for the purpose for which it is intended, whereby an employe using the saw in the doing of the work for which he has been employed, without his own negligence, is injured, such injury is to be attributed to the employer as his negligence *per se.* *Robertson* v. *Ford* (1905), 164 Ind. 538; *Davis* v. *Mercer Lumber Co., supra; M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489.

In the case at bar it was established by the special findings that the saw in question at the time of the decedent's in-

jury, and prior thereto, was provided with a guard of the usual and proper kind. This was not a case where the master failed to provide a proper guard, and it did not proceed to judgment upon that theory. The negligence of appellant in failing to maintain the guard in proper repair and efficiency was the only ground upon which the appellee could and did recover. In the question whether the appellant negligently permitted the guard to become out of repair and insufficient was involved the question as to the appellant's knowledge, actual or constructive, of a need of such restoration of efficiency. The instruction in question omits this element, which was necessary to a finding that appellant was negligent. The statute was not intended to put upon the employer the liability of an insurer of the continued efficiency of a proper guard supplied to the saw, nor does it relieve such employer from the exercise of diligence and reasonable care to keep the guard when provided in a condition to be effective for the purposes intended. We find no instruction given to the jury supplying the defect pointed out, and which, upon reason and authority, rendered the instruction erroneous.

It is a rule of law that, if a servant claims damages from his master for injuries received on account of defective machinery, he must allege and prove that the defectiveness which caused the injury was known to the master, or was such as, with reasonable diligence and attention, he ought to have known. *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 163; *Pennsylvania Co.* v. *Congdon* (1893), 134 Ind. 226, 236, 39 Am. St. 251; *Malott* v. *Sample* (1905), 164 Ind. 645; *American, etc., Tin Plate Co.* v. *Bucy* (1909), *ante*, 501. In *Cleveland, etc., R. Co.* v. *Snow* (1906), 37 Ind. App. 646, it was said of an objectionable instruction: ''It proceeds upon the theory that if the switches and appliances were defective at the time of the injury, it was because appellant had failed to keep them in repair, not that appellant had installed defective appliances, and was maintaining them

at the time of the injury. If defective appliances were put in and maintained, appellant was necessarily bound to know they were defective at the time of the injury. But if the appliances when put in were proper appliances, and were not in repair at the time of the injury, the company might or might not be bound to know they were not in repair. If they were out of repair, and appellant knew it, or if they had been out of repair for such length of time that appellant would be charged with notice, appellant must answer for such defective condition. But if the appliances when installed were in proper repair, and appellant had no notice that they had become out of repair, and the exercise of reasonable diligence on its part would not have discovered that they were out of repair, there would be no neglect of duty in failing to repair." The potency of the statute is not impaired by thus distinguishing between a case where the employer has failed to provide a proper guard, and a case where he, having done so, the guard has become inefficient through negligence. The court gave other instructions in which a like infirmity existed; but, in view of what we have said concerning the instruction before set out, no reason appears for extending this opinion for the purpose of discussing them, or any other instructions brought to our attention, whether given or tendered and refused.

Judgment reversed, and cause remanded for a new trial.