576        APPELLATE COURT OF INDIANA,

Evansville Furn. Co. v. Freeman—57 Ind. App. 576.

## EVANSVILLE FURNITURE COMPANY v. FREEMAN.

[No. 8,287. Filed May 20, 1914. Rehearing denied December 10, 1914. Transfer denied January 20, 1915.]

1. APPEAL.—*Assignment of Errors.—Questions Presented.—Record.* —No question was presented by the assignment that "the Superior Court of Vanderburgh County erred in overruling the demurrer to the complaint," where such complaint is not disclosed by the record, and in the absence of anything to show that the complaint appearing in the record as having been filed in the court to which the venue was changed was in fact the complaint to which a demurrer was addressed in the Superior Court of Vanderburgh County. pp. 581, 591, 592.

2. PLEADING.—*Determining Theory.*—The theory of a pleading must be determined by all of its averments and by its general scope and tenor rather than by any isolated averment. p. 582.

3. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Theory.*—A complaint by a servant for the loss of a finger while operating a saw, alleging a failure to properly guard the saw as required by statute, in that the guard was old and defective so that it would move out of its proper position and leave the saw exposed, that plaintiff's foot slipped and in attempting to avoid falling he threw out his hand, which, by reason of the defective guard, struck the saw and was injured, and that if the saw had been properly guarded the injury would not have occurred, etc., charges negligence in the violation of a statutory duty, and is not upon the theory of the violation of a common-law duty to make needed repairs according to promise. p. 582.

4. APPEAL.—*Review.—Theory.*—In reviewing a cause on appeal the court will adopt that theory which was adopted by the trial court and by the parties themselves as disclosed by the record. p. 582.

5. MASTER AND SERVANT.—*Dangerous Machinery.—Guards.—Duty of Master.—Negligence.*—A distinction exists between the master's failure in the first instance to properly guard a machine, and his failure to keep the guard in a proper state of repair and efficiency, but the negligence in either case is the violation of the statutory duty which requires the particular machine to be properly guarded, though in establishing negligence in the latter instance the plaintiff must prove that defendant had knowledge of the defective or inefficient condition of the guard. pp. 583, 585.

6. MASTER AND SERVANT. — *Dangerous Machinery. — Defective Guards.—Time for Repair.*—Knowingly permitting the operation of a machine with a defective guard is as much a violation of the master's statutory duty as is a failure to furnish a guard in the first instance and it is not essential to the liability of the master

to show that after he had knowledge of the condition he had time to make repairs, since on learning of the defect he must cease to operate the machine until repair is made or a proper guard supplied.   pp. 583, 585.

7.   MASTER AND SERVANT.—*Injuries to Servant.—Instructions.*—In a servant's action for injuries from the operation of a defectively guarded ripsaw, an instruction embodying the material averments of the pleadings, including the charge in the complaint that defendant knew of the defective condition of the guard, and stating in effect that plaintiff was not required to allege or prove his freedom from contributory negligence, but that the burden of proving contributory negligence was on defendant, and that plaintiff must sustain the material allegations of the complaint by a preponderance of the evidence, in which event the finding should be for him unless it was further found that he was guilty of contributory negligence, was not objectionable as leading the jury to believe that the evidence on the subject of contributory negligence must come from defendant, and that it omitted the question of defendant's knowledge of the defect, and especially in view of other instructions given.   p. 584.

8.   APPEAL.—*Review.—Invited Error.*—Appellant can not complain of alleged error in instructions, where it appears from instructions tendered by it that the error, if any, was invited.   p. 585.

9.   APPEAL.—*Review.—Instructions.—Misleading Jury.*—In a servant's action for injuries sustained in the operation of a defectively guarded saw, instructions, though not evidencing the best care in their preparation, which, when considered as a whole, were limited to the question of the assumption of risk and simply informed the jury on that subject that knowledge by plaintiff of the defective condition of the guard would not preclude recovery, were not misleading when considered with the instructions given on the subject of contributory negligence.   p. 585.

10.   MASTER AND SERVANT.—*Injuries to Servant.—Dangerous Machinery.—Defective Guards.—Knowledge of Servant.—Instructions.*—In a servant's action for injuries from a defectively guarded ripsaw, an instruction that if the jury found that the absence of a proper guard was the proximate cause of plaintiff's injury, the further finding that he knew its condition and continued in the service would not defeat his recovery, if he was otherwise entitled to recover, was a proper statement of the law applicable to the case.   p. 586.

11.   APPEAL.—*Review.—Instructions.—Assuming Facts.*—In a servant's action for injuries from a defectively guarded saw, an instruction that if the jury found that the failure to guard the saw with a proper guard was the proximate cause of the injury, etc.,

while assuming that there was a failure to guard, was not erroneous, since the requirement to find that the injury was the proximate result of a failure to guard necessarily required a finding that there was a failure to guard.  p. 587.

12.  MASTER AND SERVANT.—*Dangerous Machinery.—Duty to Guard.—Contributory Negligence.*—The statutory duty resting on a master to guard dangerous machinery can not be delegated to a servant so as to relieve him of liability, though, in such case the servant's failure to ·discharge such duty may render the latter guilty of contributory negligence.  p. 587.

13.  MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Instructions.*—In an action by a servant for injuries caused by throwing his hand against a defectively guarded saw while trying to avoid a fall from the slipping of his foot, an instruction that defendant could not escape liability merely by showing that plaintiff's foot slipped and that but for that he would not have been hurt, was correct.  p. 588.

14.  APPEAL.—*Review.—Refusal of Instructions.*—Requested instructions which were covered by other instructions, or which were either inapplicable or incorrect, were properly refused.  p. 588.

15.  MASTER AND SERVANT.—*Injuries to Servant.—Evidence.—Earning Capacity.*—In an action for injuries sustained in operating a defectively guarded ripsaw, where it appeared that plaintiff's trade was that of paper hanging and that his employment in defendant's factory was only temporary, the admission of the testimony of plaintiff and his father as to plaintiff's earning capacity as a paper hanger before and after the injury was proper.  p. 588.

16.  MASTER AND SERVANT.—*Injuries to Servant.—Unguarded Machinery.—Evidence.*—In a servant's action for injuries from a defectively guarded saw, the court properly sustained the objection to a question put to plaintiff as to whose duty it was to adjust the guard, since it called for a conclusion of the witness.  p. 590.

17.  APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.*—Error, if any, in the exclusion of evidence will not work a reversal where the substantial rights of the parties were not affected thereby.  p. 590.

18.  MASTER AND SERVANT.—*Injuries to Servant.—Excessive Damages.*—An award of $2,000 to plaintiff for the loss of the first and a small part of the second joint of the index finger of the left hand was not excessive, where aside from pain and suffering and other elements of damage, there was evidence indicating that plaintiff's pecuniary loss .from impairment of his ability to earn wages exceeded the sum allowed.  p. 590.

19.  APPEAL.—*Review.—Record.*—The court on appeal must treat the record before it as speaking the truth.  p. 591.

20. APPEAL.—*Record.*—*Duty to Present Erroneous Rulings.*—To make alleged error available, appellant must bring a record which properly presents the matter complained of. p. 592.

21. APPEAL.—*Review.*—*Waiver of Error.*—Objections to instructions not urged or presented in appellant's original briefs are waived and can not be considered in support of the alleged error on petition for rehearing. p. 592.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Action by Karl Freeman, by his next friend Robert Freeman, against the Evansville Furniture Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elmer E. Stevenson* and *Iglehart, Taylor & Heilman,* for appellant.

*John R. Brill* and *Frank H. Hatfield,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in a suit for personal injuries received by him while in the employ of appellant and operating a ripsaw alleged to have been improperly guarded at the time of his injury.

The action was originally brought in the Superior Court of Vanderburgh County and afterwards venued to the Warrick Circuit Court. The complaint filed in the latter court shows among other things that appellee was nineteen years of age when injured; that the appellant is a corporation engaged in the manufacture of furniture; that in its business it operated a ripsaw which, when in operation, ran at a high and dangerous rate of speed and was dangerous to the hands and limbs of the person operating it; that appellee under his employment with appellant ran and operated such ripsaw from February 18, 1910, until March 2, 1910, when he was injured. The negligence charged is, in substance, as follows: The appellant at the time of appellee's injury, neglected and failed to properly guard the ripsaw as required by the statutes of Indiana, in this, to wit, the front part of the guard used by appellant on said saw was old, worn and broken and the setscrew thereon used for adjusting the guard to or near the teeth of said ripsaw was broken

and would not work or hold. Such ripsaw could have been properly guarded without in any manner interfering with its efficiency for the purpose for which it was used and intended. The heel or back part of this guard was old and broken and by reason thereof the guard was easily thrown out of position and out of line with the teeth of the saw. At the time of appellee's injury such guard, by reason of these defects, moved up and down and back and forth while the saw was in operation and left it unguarded and dangerous to the hands of the operator running it. The front or movable part of the guard, by reason of said defects moved up and back a distance of four inches from the teeth of such ripsaw. The appellant had notice and knowledge of said defects and especially of the improper and broken guard above described, but wholly failed to remedy the same though it promised appellee to do so.

The allegations as to the manner in which appellee received his injury are substantially as follows: Appellee's foot slipped on the floor where he was standing, causing him to lose his balance. The front part of said guard was then back and out of position leaving the teeth of the saw exposed and unguarded as aforesaid, and appellee, in an attempt to catch and save himself from falling while so unbalanced, threw out his left hand and it struck the exposed teeth of such unguarded ripsaw, and such saw so cut and lacerated the forefinger of his left hand that it had to be amputated. If said ripsaw had been properly guarded appellee's hand would have hit the guard instead of the teeth of such saw. Appellee's injuries were received by reason of the negligent acts of appellant as above set out and not otherwise.

A demurrer to the complaint, for want of facts, was overruled. A trial by jury resulted in a verdict for appellee for $2,000. Appellant's motion for a new trial was overruled and judgment rendered on the verdict. The errors assigned and relied on for reversal are: (1) "The Superior

Court of Vanderburgh County erred in overruling the demurrer to the complaint." (2) "The court erred in overruling the motion for a new trial.".

It does not appear from the record that the complaint therein set out was ever filed in the Superior Court of Vanderburgh County. The first entry of the proceedings had in Vanderburgh superior court as shown by the transcript thereof filed in the Warrick Circuit Court is an entry ordering the appellant "to file its answer to the complaint on or before Thursday, April 21, 1910." Such transcript then sets out an order showing the filing of a demurrer to the complaint, an order showing the overruling of such demurrer, another order to answer the complaint on or before May 19, 1910, and an order showing the filing of such answer. Such transcript contains no further reference to or identification of any complaint. As the record comes to this court it would be impossible for us to say that the complaint *to which a demurrer was filed* in the *Vanderburgh superior court,* was in fact the complaint filed in the Warrick Circuit Court, which is the one contained in the record in this court. No question is therefore presented by the first error assigned.

However, in the discussion of several of the rulings presented by its second assignment of error appellant assumes that the complaint proceeds on a given theory, which it now seeks to have this court adopt. Whether such rulings constitute error depends on whether this court adopts such theory. It therefore becomes important to determine on what theory the complaint proceeds. Appellant contends that it proceeds on the theory that appellant discharged the statutory duty which required it to furnish such guard in the first instance but afterwards allowed it to become defective and promised appellee to make the necessary repairs, and failed to do so. It is then insisted that such being its theory it should have averred that appellee relied on appellant's promise to make such repairs, and should also have

averred that after appellant acquired knowledge of such defects and needed repairs a sufficient length of time elapsed to afford it opportunity to remedy the defects. It is urged that the instructions ignore such theory and that in enumerating the elements necessary to a recovery by appellee they omit said elements which it claims were necessary to a recovery under such theory.

The theory of a pleading must be determined by all of its averments and by its general scope and tenor rather than by any isolated averment. *Modlin* v. *State, ex rel.* (1911), 175 Ind. 511, 515, 94 N. E. 826, Ann. Cas. 1913 C 669; *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 83 N. E. 246. When so judged there can be no doubt that the negligence intended to be charged, and in fact charged, in the complaint is the violation by appellant of the statutory duty which required it to properly guard the saw in question, rather than a violation of a common-law duty to make needed repairs according to its promise. The complaint was sufficient on this theory, and even if it could be said that it is ambiguous and proceeds upon two theories, this court will adopt that theory which was adopted by the trial court and by the parties in the trial of the cause. *Anderson, etc., Mach. Works* v. *Myers* (1896), 15 Ind. App. 385, 44 N. E. 193; *Chicago, etc., R. Co.* v. *Vester* (1911), 47 Ind. App. 141, 148, 93 N. E. 1039; *Southern R. Co.* v. *Crone* (1912), 51 Ind. App. 300, 306, 307, 99 N. E. 762. That the case was tried on the theory that the complaint charged a violation of the statute which required appellant to properly guard the saw in question is evidenced by the entire record including the instructions tendered by appellant. It is argued, however, that where, as in this case, the complaint proceeds on the theory that a proper and efficient guard has been furnished in the first instance and the negligence relied on consists in the failure to keep such guard in repair and in a proper state of efficiency, instructions should not set

out the statute in question and indicate to the jury that a finding by it that the appellant had failed to comply with the provisions of such statute, requiring it to properly guard the saw in question, would authorize recovery; that the instructions should distinguish between failure to properly guard in the first instance and a failure to keep a proper guard in a proper state of repair and efficiency. While there is a distinction between the failure to guard in the first instance and a failure to keep in repair and in a proper state of efficiency a proper guard that had been once furnished, the negligence in each case consists in the violation of the statutory duty which requires the particular machine or appliance to be properly guarded. *Paul Mfg. Co.* v. *Racine* (1909), 43 Ind. App. 695, 702, 88 N. E. 529. It is true that it is incumbent on the part of a person who is injured on account of the bad repair of such guard and its inefficiency on account thereof for the purpose for which it was intended, to prove that the appellant had knowledge of its bad repair and inefficiency, but once this knowledge is shown, any further use or operation of the machine or appliance so improperly guarded is as much a violation of the statute as a failure to furnish a proper guard in the first instance. Proof of time for repair is not necessary in a case where the master permits the operation of the appliance after he has knowledge that its guard has become inefficient. The master must not operate such machine in the first instance without a proper guard and, in the second instance, upon information and knowledge that the proper guard once furnished has become improper and inefficient, he must cease to operate such machine or appliance until the efficiency of its guard is restored or a new and proper guard supplied. Any other construction of the statute would render it of little or no avail for the purpose for which it was intended. Such construction is in complete harmony with the holding of this court in the case of *Paul Mfg. Co.* v. *Racine, supra,* 699. As

was said in that case: "It would hardly be said that appellant was complying with the statutory mandate properly to guard the saw, if it knew the saw had inefficient guards about it. We are not dealing with master and servant as their rights and duties existed at common law, but as fixed by a positive statute." See, also, *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 151, 64 N. E. 610, 58 L. R. A. 944.

Appellant objects to instruction No. 1 given at request of appellee and claims that it is erroneous in that, (1) it is so worded as to lead the jury to believe that the 7. evidence on the subject of contributory negligence must come from the defendant; (2) it undertook to state the material facts and to direct a verdict for appellee if such facts were found, but omitted the question of knowledge of the defect on the part of appellant, either actual or constructive, which was one of the controverted questions in the case. The instruction is open to neither of such objections. It embodied the material averments of all the pleadings including that in the complaint charging appellant's knowledge of the defective condition of the guard and its consequent inefficiency and told the jury in effect that the plaintiff is not required to allege or prove that he was not guilty of contributory negligence, this being a defense the burden of proving which is on the defendant; that before it could find for plaintiff it should find that he had sustained all the material allegations of his complaint by a preponderance of the evidence, in which case it should find for plaintiff, unless it found from the evidence that plaintiff was guilty of contributory negligence. The instruction is distinguishable from the cases of, *City of Indianapolis* v. *Cauley* (1905), 164 Ind. 304, 73 N. E. 961; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 262, 263, 71 N. E. 217, 660; *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569, 573, 574, 71 N. E. 661; *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 279, 280, 63 N. E. 456, relied on by appellant. The jury was fully and

correctly instructed on the question of contributory negligence in other instructions, especially instructions Nos. 2, 4, 10 and 12, given by the court of its own motion. In view of these instructions the jury in no event could have been misled by the instruction complained of. *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 656, 657, 70 N. E. 985; *Joseph E. Lay Co.* v. *Mendenhall* (1913), 54 Ind. App. 342, 102 N. E. 974. A similar objection is made to instruction No. 3, but it is clearly not open to such objection.

Complaint is made of instructions Nos. 2, 5, 6 and 8, given at request of appellee and Nos. 2 and 9 given by the court of its own motion. It is claimed that such instructions are erroneous in that they referred to the subject of guarding machinery generally, and not to the matter of repairing a defective guard. We have already indicated our disposition of the objections to these instructions and desire only to repeat that, after knowledge of the defects and inefficiency of the guard furnished on the part of the employer, his duty is just as much controlled by the provisions of the statute as though he had failed to furnish a proper guard in the first instance. We might add that by its own instructions, especially Nos. 1, 4 and 11, the appellant invited the error, if any, of which it now complains and hence is in no position to ask a reversal of the judgment on account thereof. *Cleveland, etc., R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 663, 665, 96 N. E. 815; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Indianapolis Foundry Co.* v. *Lackey* (1912), 51 Ind. App. 175, 97 N. E. 349.

Appellant next insists that (we quote from its brief) "in the fourth and seventh instructions, given on appellee's request, and in the eighth and fifteenth instructions given by the court on its own motion, the court invaded the province of the jury. The question whether the appellee, by continuing in the work with the

broken guard, was guilty of contributory negligence and whether he used due care were questions of fact under the issues and evidence for the jury to determine.'' Instructions Nos. 4 and 8 told the jury in effect that appellee did not assume the risk of injury ''if any'' resulting from appellant's violation of a statutory duty, and that if the jury found that the saw at which appellee worked and was injured was ''such a one as could be properly guarded without interfering with its use or efficiency and that it was not properly guarded; and that by reason thereof the plaintiff was injured'' he would not be precluded from such recovery by reason of the fact that he knew such saw was not properly guarded, ''because the plaintiff, under the law, did not assume the risk of injury from the saw not being properly guarded, if you find that it was not so guarded, this being a statutory duty required of the defendant by the State of Indiana.''

While these instructions may not evidence the highest care in the selection and arrangement of the words to express the thought intended to be conveyed by them, yet when considered in their entirety we think it clear that they were limited to the subject of assumption of risk, and simply told the jury that on this question the appellee's knowledge of the unguarded condition of the saw, if it found he had such knowledge, would not preclude him from recovering. These instructions when considered in connection with the instructions on the subject of contributory negligence could not have misled the jury. *Blanchard-Hamilton Furn. Co.* v. *Colvin* (1904), 32 Ind. App. 398, 405, 407, 69 N. E. 1032.

10. Said instruction No. 7, told the jury in effect that if it found that the absence of a proper guard over the saw in question was the proximate cause of appellee's injury that the fact, if it found it to be a fact, that appellee knew its condition and continued in the service would ''not defeat his recovery if he was otherwise entitled to recover''.

NOVEMBER TERM, 1914. 587

Evansville Furn. Co. v. Freeman—57 Ind. App. 576.

We think such instruction a proper statement of the law applicable to the case.

Said instruction No. 15, reads: "If you find from a preponderance of the evidence in the case, that the failure to guard the saw with a proper and sufficient guard 11. was the proximate cause of plaintiff's injury and you further find that the plaintiff was not guilty of contributory negligence, then the plaintiff would be entitled to recover in this action." This instruction is open to the criticism that it does, in a sense, assume that there was a failure to guard, yet it required the jury to find that appellee's injury was the proximate result of a failure to guard such saw before recovery was authorized and the jury could hardly find that the failure to guard was the proximate cause of the injury without also finding that there was a failure to guard. In other words, the assumed fact was so involved in the fact required to be found that the assumption was thereby rendered harmless. *Southern R. Co.* v. *Crone, supra,* 310, 311. It is suggested, however, that 12. the instruction is mandatory and that such failure to guard would not authorize recovery unless appellant was responsible for such failure. It is a sufficient answer to this contention to say that the duty to guard imposed by the statute rested on appellant, and the duty was one it could not delegate to another, and thereby relieve itself. True, if the duty had been delegated to appellee his failure to perform it might make him guilty of contributory negligence, but the instruction expressly required the jury to find that appellee was not guilty of contributory negligence before recovery was authorized. It appears therefore that no error prejudicial to appellant could have resulted from the giving of the instruction.

Appellee insists that instruction No. 11 given at appellee's request clearly invaded the province of the jury; that the jury was told by it that (we quote from its brief) "the

fact that the plaintiff's foot slipped thereby causing him to fall was not the proximate cause of his injury and such fact did not relieve the appellant from liability if notwithstanding the slipping on the floor, the appellee would not have been hurt if the saw had been properly guarded." The instruction does not so tell the jury, but does tell it, and correctly so, that the appellant could not escape liability merely by showing that appellee's foot slipped on the floor and that had he not slipped he would not have been hurt. The instruction is not open to the objection urged against it, but is a correct statement of the law applicable to the case. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 208, 209, 96 N. E. 337, 97 N. E. 529; *Bessler* v. *Laughlin* (1907), 168 Ind. 38, 79 N. E. 1033; *Cook* v. *Ormsby* (1910), 45 Ind. App. 352, 89 N. E. 525; *Balzer* v. *Waring* (1911), 176 Ind. 585, 95 N. E. 257; *Evansville Hoop, etc., Co.* v. *Bailey* (1909), 43 Ind. App. 153, 165, 84 N. E. 549; *Cincinnati, etc., R. Co.* v. *Armuth* (1913), 180 Ind. 673, 103 N. E. 738.

Appellee's instruction No. 12 is not subject to the criticism made against it.

It is insisted that the court erred in refusing to give instructions Nos. 1, 11 and 13, requested by appellant. No. 1 was covered by other instructions given. No. 11 related to assumption of risk and was properly refused. *Paul Mfg. Co.* v. *Racine, supra,* 699. No. 13 is condemned by the authorities cited in support of appellee's instruction No. 11, *supra.*

Appellee and his father were permitted to testify as to appellee's earning capacity as a paper hanger at the time of his injury, and also as to such earning capacity after his injury. Appellant contends that this was error and as a reason for such contention claims that appellee should be limited in his proof of earning capacity to his earnings in the particular line of work at which he was employed when injured. The evidence of appellee and

his father showed that a while before appellee was injured he had been doing work as a paper hanger with his father. In fact there was evidence which showed or tended to show the work at which he was engaged when injured was intended to be only temporary, and that he intended to go back to his trade of paper hanging. Under such circumstances we think it was entirely proper to show any impairment of his ability to earn money at his regular trade as well as any impairment of ability to earn money at the particular line of work at which he was employed when injured. The pecuniary loss resulting from impairment of ability to earn wages as a result of the injury received is one of the elements of damages in cases of this character, and if the injured party *at the time of his injury* has more than one trade or occupation at which he has been in the habit of working and earning wages, and if the injury be such as to impair his ability to earn money in each or all of such occupations, his pecuniary loss would certainly be greater than if his ability to earn wages in one of his trades or occupations alone had been impaired by such injury. If the evidence objected to had related to appellee's ability to earn money at such trade at a time remote from his injury, or if the evidence had shown that appellee when injured had abandoned such trade, a different question would be presented. In the case of *Rayburn* v. *Central, etc., R. Co.* (1888), 74 Iowa 637, 643, 35 N. W. 606, the supreme court of Iowa in discussing the question under consideration said: "The capacity of plaintiff to earn money is a proper matter to be considered in determining the measure of his damages. The fact that he was in the employment of defendant at less wages than he could have earned at his trade did not lessen his capacity to earn money at his trade. It does not appear that, when he entered the employment of defendant, he was in any manner incapacitated to work at his trade, or that he had permanently abandoned it. The evidence therefore was correctly admitted." To the same effect, see,

*Chicago, etc., R. Co.* v. *Long* (1901), 26 Tex. Civ. App. 601, 602, 65 S. W. 882; *Grimmelman* v. *Union Pac. R. Co.* (1897), 101 Iowa 74, 83, 70 N. W. 90; *Alabama Steel, etc., Co.* v. *Griffin* (1907), 149 Ala. 423, 437, 438, 42 South. 1034; *San Antonio Foundry Co.* v. *Drish* (1905), 38 Tex. Civ. App. 214, 217, 85 S. W. 440.

Appellee on his cross-examination was asked by appellant's counsel, "Whose duty was it to adjust the guard?" Appellee objected to this question and the court sustained the objection and appellant at the time excepted. One of the reasons for a new trial predicated error on this ruling and it is one of the errors relied on for reversal. The question was one which called for a conclusion of the witness, and hence the exclusion of the answer thereto does not furnish ground for a reversal. *Blanchard-Hamilton Furn. Co.* v. *Colvin, supra,* 412, 413. We might add that under the issues presented by the pleadings the verdict was necessarily based on the failure of the appellant to properly guard the saw in question, and not on the failure of it or any one else to adjust the guard, and we are therefore of the opinion that any answer to said question, in no event could have affected the substantial rights of appellant and hence the exclusion of such answer even if error should not work a reversal of the judgment. §§407, 700 Burns 1914, §§398, 658 R. S. 1881.

Finally it is insisted that the damages are excessive. Appellee lost the first and a small part of the second joint of the index finger of the left hand. While the amount of the judgment may seem large, appellee's evidence indicated that his pecuniary loss from his impairment of ability to earn wages would of itself more than equal the sum allowed, to say nothing of his pain and suffering and other proper elements of damage. Under such a state of the evidence the decisions of the Supreme Court and this court stand in the way of a reversal of the judgment on such ground. *Terre Haute, etc., Traction Co.* v. *Mayberry*

(1913), 52 Ind. App. 114, 100 N. E. 401, and cases cited; *Cleveland, etc., R. Co.* v. *Jones* (1912), 51 Ind. App. 245, 251, 99 N. E. 503; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 215, 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1.

We find no available error in the record and the judgment is therefore affirmed.

## On Petition for Rehearing.

Hottel, C. J.—Appellant, in a petition for rehearing, very earnestly insists that this court has erred in its opinion herein. It is first urged that the court erred in holding that no question is presented by appellant's first assignment of error which challenges "the ruling of the Superior Court of Vanderburgh County" on "the demurrer to the complaint".

It is contended by appellant that the complaint set out in the transcript on file in this court "is the one *filed* (our italics) in the Warrick Circuit Court with the transcript on change of venue from the Superior Court of Vanderburgh County." This claim may be correct, but it assumes the fact on which the controversy turns, viz., *that such complaint was filed* in the Vanderburgh superior court. The transcript in this court contains a copy of the transcript of the entries and proceedings had in the Superior Court of Vanderburgh County which was filed with the clerk of the court of Warrick County after the venue of the case was changed to the last named county. The certificate of the clerk of the Vanderburgh superior court to the transcript of the proceedings had in that court states that such transcript "is a *full, true and complete* copy of the entries, orders and proceedings of said court made in said cause as the same appears of record", (our italics) in his office. This court must treat the record before it as speaking the truth. There is no entry to be found in the transcript showing the filing of the complaint, or showing the

filing of any complaint in the Vanderburgh superior court, but, on the contrary, the first entry shown in such transcript is that set out in the original opinion. From the transcript of the record as it comes to us this court can not say that the complaint appearing therein was ever filed in the Vanderburgh superior court, nor is there anything in the record from which such complaint can be identified by this court, as the one to which was addressed the demurrer, the ruling on which is here assigned as error. We therefore feel that the original opinion correctly holds that on account of the state of the record no question is presented by the first assigned error. As supporting this conclusion, see *Consolidated Stone Co.* v. *Staggs* (1905), 164 Ind. 331, 73 N. E. 695; *Southern R. Co.* v. *Martin* (1903), 160 Ind. 280, 66 N. E. 886; §424 Burns 1914, §413 R. S. 1881. Before an appealing party can obtain a reversal on any ruling of the trial court assigned in this court as error he must bring to the court a record which properly presents such ruling. *Dedrick* v. *Baumgartner* (1910), 46 Ind. App. 403, 92 N. E. 663; *Marsh* v. *Bower* (1898), 151 Ind. 356, 51 N. E. 480. We might add, however, that a careful examination of the complaint set out in the record convinces us that it states a cause of action under §8029 Burns 1914, Acts 1899 p. 231, §9. It follows therefore that, if we give appellant the benefit of its contention, that such complaint is the one to which the demurrer referred to in its first assignment of error was addressed, such demurrer was properly overruled.

Appellant also complains of the disposition of appellant's instruction No. 12, in that the opinion simply says of said instruction that it is not "subject to the criticism made against it". Appellant offers nothing by way of argument or otherwise in favor of its original criticism of this instruction, but now insists that it is open to the objection that it allowed appellee to recover for "loss, if any, of his earning capacity"; that appellee when in-

jured was a minor nineteen years of age and hence was not entitled to recover for earning capacity or wages for the period of his minority. We need not discuss this objection as it was not raised or suggested in appellant's original brief, and hence has been waived. *Raley* v. *Evansville Gas, etc., Co.* (1910), 45 Ind. App. 649, 657, 90 N. E. 783, 91 N. E. 571; *Indianapolis, etc., R. Co.* v. *Branson* (1909), 172 Ind. 383, 86 N. E. 834, 88 N. E. 594, 19 Ann. Cas. 925; *Marion Trust Co.* v. *Blish* (1908), 170 Ind. 686, 84 N. E. 814, 85 N. E. 344, 18 L. R. A. (N. S.) 347; *Indiana Power Co.* v. *St. Joseph, etc., Power Co.* (1902), 159 Ind. 42, 63 N. E. 304, 64 N. E. 468.

Other reasons for rehearing are suggested, but as to them we deem it unneccessary to add to the original opinion.

Petition for rehearing overruled.

NOTE.—Reported in 105 N. E. 258; 107 N. E. 27. As to employe's right of action for employer's violation of statutory duty as to guards about machinery, see 9 L. R. A. (N. S.) 381. As to whether master's duty to guard machinery is a delegable one, see 54 L. R. A. 71; 17 L. R. A. (N. S.) 568. As to the duty of a master as to machinery and appliances generally, see 33 L. Ed. U. S. 656; 37 L. Ed. U. S. 728; 38 L. Ed. U. S. 597; 40 L. Ed. U. S. 767. As to whether servant may assume the risk of dangers created by master's negligence, see 4 L. R. A. (N. S.) 848; 28 L. R. A. (N. S.) 1215. As to servant's assumption of risk of master's breach of statutory duty, see 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229; 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210. As to what is excessive verdict in action for personal injuries not resulting in death, see 16 Ann. Cas. 8; Ann. Cas. 1913 A 1361.