## BURKE v. BURKE.

[No. 9,395. Filed November 21, 1917.]

APPEAL.—*Review.*—*Harmless Error.*—*Refusal to Make Special Finding of Facts.*—Where a complaint in one paragraph sought a divorce and to establish an interest in real estate, and at the close of plaintiff's evidence in chief the trial court sustained defendant's motion to strike out all evidence relating to property rights, and granted plaintiff a divorce on defendant's refusal to introduce any evidence, but denied his claim to the property, the refusal of the trial court upon proper request to make a special finding of facts, even if erroneous, was not prejudicial to appellant and affords no ground for reversal, since all the evidence remaining in the case related solely to the issue of divorce upon which judgment was rendered in appellant's favor.

From Decatur Circuit Court; *Hugh Wickens,* Judge.

Action by James M. Burke against Barthenia Burke. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*John E. Osborn* and *Frank Hamilton,* for appellant.
*Frank E. Little* and *Tremain & Turner,* for appellee.

IBACH, P. J.—The only question presented by this appeal is the refusal of the trial court upon proper request to make a special finding of facts.

The record discloses that appellant filed a complaint in one paragraph for divorce, in which he also sought to establish an alleged interest in certain real estate. Issues were formed and the cause proceeded to trial. At the close of appellant's evidence in chief, the court sustained a motion by appellee to strike out all the evidence relating to property rights. Appellee then refused to introduce any evidence, and the court rendered judgment granting appellant a divorce and denying his claim to the property.

Conceding, for the purpose of the question here presented, that it was error for the court to refuse to make a special finding of facts when properly requested, it is quite apparent that no substantial right of appellant was affected by the refusal. All the evidence left in the case upon which the court could draw for its special finding of facts was that relating solely to the issue of divorce upon which the court found in appellant's favor. Under such state of the record, the judgment of the trial court must be affirmed. §§407, 700 Burns 1914, §§398, 658 R. S. 1881; *Evansville Furn. Co.* v. *Freeman* (1914), 57 Ind. App. 576, 590, 105 N. E. 258, 107 N. E. 27.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 655.